CHARLES E. GAGE, Executor, *vs.* H. A. STIMSON.

June 11, 1879.

**Estates of Decedents—Proof of Debt by Agent in his own Name—Remedy of Principal.**—S. placed in the hands of B., as his agent, for collection only, a claim against the estate of a deceased person. B. presented it to the commissioners to audit claims against the estate, as a claim due to himself, and it was so allowed. G., in an action against B., instituted garnishee proceedings against the administrators of the estate, to reach this claim. S. came in, and was joined in those proceedings as claimant of the debt against the estate. *Held*, that S. may prove that the claim belonged to him, and that he had placed it in the hands of B., only as his agent, for collection, and that fact being proved, the garnishee proceeding was properly discharged.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, discharging garnishees.

*Woods & Babcock*, for appellant.

*Shaw & Levi*, for respondent.

GILFILLAN, C. J.    This plaintiff, in an action against Rufus J. Baldwin, garnished the administrators, with the will annexed, of the estate of Levi Butler, deceased, and the disclosure showed that the report filed by the commissioners to audit claims against said estate allowed a claim in favor of Baldwin.    Pending the proceedings in garnishment, Stimson served notice on the administrators that he was the owner of the claim so allowed, and he was thereupon joined in the proceedings as claimant of the debt disclosed.    A full disclosure made it appear that the claim presented to the commissioners belonged to Stimson; that he had placed the same in the hands of Baldwin, as his agent, only for collection, and that Baldwin presented it before the commissioners as a claim due to himself, and that it was so allowed by the commissioners.    The court below sustained Stimson's claim, and discharged the proceedings.

The proof of Stimson's title was objected to by plaintiff as

incompetent and immaterial, and insufficient in law to establish his claim. Plaintiff's proposition is that the allowance of the claim by the commissioners is in effect a judgment, and conclusive upon all parties interested in the estate as to all matters involved in the determination of the claim, among which is the fact that the claim was due to Baldwin, in whose favor it was allowed. *State* v. *Ramsey County Probate Court*, 25 Minn. 22, is cited in support of this. But that case holds only that such an award is final and conclusive upon all parties interested in the estate, "in all subsequent proceedings for its administration." This is not a proceeding in administering the estate of Butler.

While a judgment, as between the parties to it, is conclusive as to the title to the thing or debt determined by it, it is not so as between third persons, nor as between one of the parties and a third person. Thus, in case of a debt, a judgment upon it in favor of A against B is conclusive between them that A is the owner of the debt. But C might sue B for the debt, and the judgment would not prove that it belonged to A. Or if A had collected it, C might, under some circumstances, sue him for the money, and the judgment would not be conclusive that A was, as against C, entitled to hold the money. For instance, if a debtor had transferred a debt owned by him, say a promissory note, to his creditor, as security, and the creditor should recover judgment upon the debt thus transferred, no one could deny that the debtor might recover from his creditor the amount collected by the latter on the judgment, in excess of the debt as security for which that on which the judgment was rendered was transferred, nor that the debtor would, upon paying his debt, become in equity the owner of the judgment. So, if the owner of a debt should, merely to enable his agent to collect it, vest the title in the agent, and the latter should recover judgment upon it in his own name, no one can say that the principal could not recover from the agent the amount collected by the

latter on the judgment. The judgment, though in the name of the agent, would, in equity, at least, belong to the principal; and that is just this case.

Order affirmed.