## HARKNESS v. THE WESTERN UNION TELEGRAPH CO.

1. **Telegraphs:** DELAYED MESSAGE: ACTION BY UNDISCLOSED PRINCIPAL. Plaintiff had a law-suit pending in Nebraska, in the prosecution of which she had employed an attorney in that state, and also an attorney at the place of her residence in Iowa. The attorney in Nebraska sent a message by the defendant company to the attorney in Iowa, in relation to the law-suit, but it was not delivered until the third day after it was received, and by such delay plaintiff was damaged. *Held* that she could recover as the undisclosed principal of the parties by and to whom the message was sent, and with whom alone the company had contracted; but that the company might set up as a defense any fact which occurred prior to the disclosure of the principal, and which would have been a good defense had the suit been brought in the name of the agent. (See cases cited in opinion.)

2. ———: ———: NEGLIGENCE: BURDEN OF PROOF. Where a telegram is not delivered until three days after its receipt, the court trying an action for damages is justified in finding that the company was negligent, in the absence of any evidence excusing the delay.

3. ———: ———: CONTRACT LIMITING LIABILITY. A telegraph company may by contract restrict its liability, but it cannot contract against its own negligence in failing to transmit and deliver a message. (Compare *Sweatland v. Ill. & Miss. Tel. Co.*, 27 Iowa, 433, and *Manville v. West. U. Tel. Co.*, 37 Id., 214.)

*Appeal from Montgomery District Court.*

WEDNESDAY, OCTOBER 26.

ACTION to recover damages caused by the defendant's negligence in failing to deliver a telegram within a reasonable

Harkness v. The Western Union Telegraph Co.

time. Trial to the court, judgment for the plaintiff, and defendant appeals.

*W. F. Thummel,* for appellant.

*F. P. Greenlee,* for appellee.

SEEVERS, J.—The material facts are that the plaintiff is a resident of the state of Iowa, and had a suit pending in the state of Nebraska, which it was expected would be reached for trial on the 13th day of October, 1884. W. C. Sloan, one of the plaintiff's attorneys, was a resident of the state of Nebraska, and A. M. Walters was also her attorney, who, however, was a resident of the state of Iowa. Both said attorneys were expected to take part in the trial of the suit. The plaintiff intended to start from her home in Iowa with her witnesses and attorney on the morning of the 29th of October, so that she could be present when the case was called for trial on the following day. During the night of the 27th of October a message was delivered to the defendant in these words:

"FAIRMOUNT, NEB., October 5, 1884.

"*To A. M. Walters, Villisca, Iowa:* Do not come till November 5th. Court adjourned till then.

"W. C. SLOAN."

Such message was a half-rate or night message, and Sloan paid the defendant 40 cents for transmitting the same. The message was received at Villisea, October 28, about 1 o'clock A. M., at which place Walters resided, but was not delivered to him until October 31. Plaintiff started to Nebraska on October 29, with her witnesses and attorneys, and thereby incurred expenses which she paid, and this action is brought to recover the same of the defendant, who had no knowledge for what purpose the message was sent, other than is disclosed on its face. Nor had the defendant any knowledge that Sloan was acting for the plaintiff, or that she had a suit

pending in Nebraska. The contract was made with Sloan, and is attached to the message, the material portion of which is as follows:

"(Form No. 45.)

"THE WESTERN UNION TELEGRAPH COMPANY.

"*Night Message.*

"The business of telegraphing is subject to errors and delays arising from causes which cannot at all times be guarded against, including sometimes negligence of servants and agents whom it is necessary to employ. Errors and delays may be prevented by repetition, for which, during the day, half-price extra is charged in addition to the full tariff rates. The Western Union Telegraph Company will receive messages, to be sent without repetition, during the night, for delivery not earlier than the morning of the next ensuing business day, at reduced rates, but in no case for less than 25 cents toll for a single message, and upon the express condition that the sender will agree that he will not claim damage for errors or delays, or for non-delivery of such messages happening from any cause, beyond a sum equal to ten times the amount paid for transmission; and that no claim for damages shall be valid, unless presented in writing within thirty days after sending the message."

I. It is objected that the court erred in rendering judgment for the plaintiff, because the message was neither sent by nor to her, and no contract was made with her. The court was justified in finding that both Sloan and Walters were the agents and attorneys of the plaintiff, and that the telegram was sent by one of them, and received by the other, for the use and benefit of the plaintiff. Therefore she may well be said to be an undisclosed principal, and in such case we understand the rule to be that such principal, as the "ultimate party in interest, is entitled, against third persons, to all advantages and benefits of such acts and contracts of his

1. TELE-
GRAPHS : de-
layed mes-
sage: action
by undisclos-
ed princi-
pal.

agents," and the principal may sue in his own name on the contract. (Story, Ag., §. 418; *Insurance Co. v. Allen*, 116 Mass., 398; *Gage v. Stimson*, 26 Minn., 64; S. C. 1 N. W. Rep., 806.) The fact that the defendant had no knowledge that the plaintiff was in fact principal, and that the telegram was sent for her use and benefit, is immaterial, except that it may be true that the defendant may set up as a defense any matters that would constitute a defense if the suit was brought in the name of the agent, which occurred prior to the disclosure of the principal.

II.   It is insisted that the court erred in finding that the defendant was negligent in failing to deliver the telegram earlier than it did.   It will be observed that the telegram was received by the agent of the defendant at Villisca, Iowa, on the morning of the 28th of October, and that it was not delivered until the 31st day of that month.   The court was justified in finding that defendant was negligent, because no excuse whatever for the failure to deliver the telegram on the 28th day of October is given.   The delay was such as to cast on the defendant the burden of explaining the cause of the delay.

*2. ——: ——: negligence: burden of proof.*

III.   It is insisted that the contract limits the liability of the defendant, and that the recovery cannot exceed such limit.   It has been held that it is competent for a telegraph company to restrict its liability, as was done in this case, but that it cannot contract against its own negligence in failing to transmit and deliver the message.   (*Sweatland v. Ill. & Miss. Telegraph Co.*, 27 Iowa, 433; *Manville v. West. U. Telegraph Co.*, 37 Id., 214.) But it is urged that the contract was made with Sloan, and that he can only recover the amount stipulated in the contract, for the reason that the money expended by him was the amount paid for the message, and that this is the extent of the plaintiff's recovery, for the reason that she is an undisclosed principal, and not known in the transaction.   We do not concur in this prop-

*3. ——: ——: contract limiting liability.*

*SAME AS NO. 1.*

osition, but think that, as the telegram was sent and received for the benefit and use of the plaintiff, she may recover such damages as she has sustained, subject only to any payments in liquidation of damages made by the defendant to Sloan prior to the time defendant had knowledge that the telegram was sent for the use of the plaintiff, and that she was the principal in the transaction.

IV. It is further insisted that the plaintiff recovered $24.52 more than in any event she was entitled to. We deem it sufficient to say that we cannot concur in this proposition.                                                       AFFIRMED.