Railroad *v.* Griffin.

RAILROAD *v.* GRIFFIN.

(*Jackson.*    June 13, 1893.)

1. TELEGRAPH COMPANY.  *Liability for negligent failure to send and deliver telegram.*

A telegraph company is liable in damages to the "sendee" for negligent failure to send and deliver telegram addressed by a mother to her son, informing him of his father's dying condition, and summoning the son to the father's bedside, although the mother paid the "toll" for sending the telegram, and the son, without receiving it, visited his father two days later, and reached him thirty-six hours before death.

Code construed: § 1542 (M. & V.); § 1323 (T. & S.).

Case cited and approved: Wadsworth *v.* Telegraph Co., 86 Tenn., 695.

2. SAME.  *Same.  Measure of damages.*

And damages should be awarded, in such case, in such sum as will reasonably compensate for the grief, disappointment, or other injury to the feelings of the "sendee," caused by the company's default, taking into consideration, in mitigation of damages, the fact that the son reached the father's bedside before his death.

3. NEW TRIAL.  *Awarded for excessive verdict.*

The verdict of $900 is so excessive upon the facts of this case as to demand a reversal for that cause alone.

---

FROM OBION.

---

Appeal from Circuit Court of Obion County. W. H. SWIGGART, J.

MOORE & WELLS and HOLMES CUMMINS for Railroad.

L. S. PARKS and D. J. CALDWELL for Griffin.

BRIGHT, Sp. J. In this cause the plaintiff below, Robert Griffin, sues the railroad company, who owns and operates a telegraph line, for damages in failing to send or deliver a telegram from the mother of defendant in error, addressed to him at Rives' Station, Tennessee.

The second count of the declaration avers that Mrs. C. A. Griffin delivered to the railroad company's agent a telegram, addressed to defendant in error, which gave notice on its face that "his father was worse or in a dying condition,. and to come and bring a lawyer." This averment was substantially proved. The sender paid the toll on said telegram, the sendee paying nothing. The telegram was delivered to the agent of the railroad company at Obion Station, Tennessee, late in the evening of the twenty-second of April, and received by said agent; but, from some cause, was never forwarded to its destination at Rives' Station. Upon the morning of the twenty-fourth of April, the defendant in error, without having received the telegram, visited his father, reaching his bed-side on the morning of the twenty-fourth, about nine o'clock. On the night of the twenty-fifth his father died.

There was a verdict and judgment of nine hundred dollars for plaintiff below.

The rule laid down in *Wadsworth* v. *Telegraph Company*, 2 Pickle, 695, is approved. We hold, under the reasoning of that case and the statute

(M. & V. Code, § 1542), that defendant in error is an "aggrieved party," and is entitled to some damages; and, this being so, as said in the Wadsworth case, above cited, he may, in such case, recover, in addition, such "further sum as will reasonably compensate for the grief, disappointment, or other injury to her feelings, occasioned by such default of the company." It is true, in the Wadsworth case the sendee paid for the telegram, and did not reach her brother before his death, nor afterwards; while in the present case, Griffin, the sendee, did not pay the "toll" for the sending of the telegram, and did reach his father some thirty-six hours before his death. This latter fact would only go in mitigation or extenuation of, and should reduce the amount, of damages. Yet he had such an interest or benefit in said telegram as would give him a right of action for damages against the company for negligently failing to send the telegram.

The first assignment of error of the railroad company is that the verdict is excessive. This we think is well taken. As said by Chief Justice Turney in the Wadsworth case: "If juries may assess excessive damages, the Courts can and will correct the wrong."

We think the damage assessed by the jury in this case ($900) *is excessive*, and, for this reason, we reverse the case, and remand it for another trial. The appellee, Griffin, will pay the costs of the appeal.