WESTERN UNION TELEGRAPH COMPANY v. MOLLIE J. KERR.

No. 303.

1. **Survivor of Community — Right to Sue.** — A telegram was sent during the lifetime of the husband. Suit for damages for its nondelivery was instituted after his death by his wife. *Held*, that after the husband's death the surviving wife is placed by law in most respects in the attitude of a surviving partner, and until an administration is opened upon the estate she may maintain suit to collect and preserve the community estate. The suit was properly brought.

2. **Same.**—The widow does not occupy to the community estate the relation of an heir, nor are her rights and powers derived from the deceased by inheritance. but originate in the acquisition of the community property under the laws by which the title and powers of the husband and wife are defined. Ordinarily, heirs can not sue upon a cause of action which accrues to an ancestor, but suit must be brought by an administrator or executor. Children of the husband inherit his half of the community property, subject to the wife's control for the payment of community debts; she is trustee for the heirs, and judgments for or against her are binding on them.

3. **Defendant Must Prove Existence of Administration.** — If an administration was pending, it was incumbent on defendant to plead and prove it; and inasmuch as the facts alleged showed a right of action in the plaintiff, it is not necessary to determine whether an administration would suspend plaintiff's right to sue or not.

**4. Damages Within Contemplation of the Defendant.**—The telegram was sent by one physician to another, desiring him to come to see plaintiff's sick husband. It is not alleged that defendant's agent knew that the sender acted as the agent of the plaintiff in sending it, and her mental anguish, and damages resulting therefrom, can not be considered to have entered into the contemplation of the parties when it was sent, as a proximate result of the failure to deliver the message.

**5. Same.**—The principal may sue for breach of the contract made for his benefit, whether his existence and connection with it be disclosed or not; but he can not recover a class of damages affecting his person which the ignorance of his existence put beyond the contemplation of the other contracting party. The rule is a conservative one, intended to leave it within the power of parties making contracts to form some estimate of the consequences of failure to perform.

APPEAL from Colorado. Tried below before Hon. GEORGE MCCORMICK.

*Walton, Hill & Walton,* for appellant.—1. The court erred in overruling defendant's exceptions numbers one and two, and not abating plaintiff's suit, because the cause of action, if any, set out accrued to plaintiff's deceased husband; and the claim sued on was subject to administration as part of the estate of said decedent; and the petition failed to show that plaintiff was entitled to prosecute the suit. Damages for injury to wife during marital relations is community. Railway v. Burnett, 61 Texas, 638; Railway v. Helm, 64 Texas, 147; Potts v. Tel. Co., 82 Texas, 545.

2. The court erred in overruling defendant's general demurrer to plaintiff's petition, because the same fails to show that defendant had knowledge that plaintiff was the beneficiary of the contract for the transmission and delivery of the message described, and the alleged damages to her are not the proximate results of the negligence complained of; and because the damages alleged to have been sustained by plaintiff are not such as the parties to the contract will be deemed to have contemplated as a result of the breach thereof. Tel. Co. v. Kirkpatrick, 76 Texas, 217; Elliott v. Tel. Co., 75 Texas, 18.

*Foard, Thompson & Townsend,* for appellee.—1. Appellee suggests that there is nothing in her petition or in appellant's answer to show there are any other heirs or estate of her deceased. If there were others, appellant should have so specially plead under oath. Besides this, appellee contends that this character of damage she could recover in her own name, as it was a damage peculiar to herself. Rev. Stats., art. 1265, subdivs. 2, 3; Potts v. Tel. Co., 82 Texas, 545.

2. When one sends a telegraphic message, acting for and at the request of another for whose benefit the same is sent, he thereby becomes the agent of the beneficiary, who may sue for any breach of the contract. Henderson acting as the agent of the appellee, she could sue for any breach

of the contract, with the same rights and equities that said agent would have had if he had been the principal. Again, when the agent of appellant is put on notice of the importance of a message, either by intrinsic or extrinsic evidence, appellant is then bound by all the information that inquiry would disclose. Tel. Co. v. Broesche, 72 Texas, 654; Tel. Co. v. Richardson, 79 Texas, 651; Tel. Co. v. Jones, 81 Texas, 273; Tel. Co. v. Carter, 85 Texas, 585; Tel. Co. v. Hoffman, 80 Texas, 423; Potts v. Tel. Co., 82 Texas, 545; Tel. Co. v. Nations, 82 Texas, 541; Tel. Co. v. Adams, 75 Texas, 535; Tel. Co. v. Kirkpatrick, 76 Texas, 217.

WILLIAMS, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellee, against appellant, for damages for negligent failure of the latter to deliver a telegraphic dispatch. The circumstances out of which the action arose were as follows: Dr. Kerr, the husband of appellee, was ill at his home at Waelder, Texas, and had secured the services of Dr. Jones, of Gonzales, as his physician. Dr. Jones had visited Dr. Kerr, and had prescribed a course of treatment, and had returned to his home at Gonzales, leaving Dr. Henderson, of Waelder, in charge of the patient, with directions to administer the remedies prescribed, and with instructions that in case the patient's condition should grow worse, to telegraph him, Dr. Jones, in order that he might return.

On April 10, 1891, Dr. Henderson and Mrs. Kerr became alarmed at the unfavorable progress of the disease, and Dr. Henderson delivered to the agent of appellant at Waelder the following message for transmission:

"To Dr. J. C. Jones, Gonzales, Texas:

"Come at once, if able, to see Dr. Kerr.
          [Signed]          ,          "J. M. HENDERSON."

This message was not delivered to Dr. Jones at Gonzales until the next day. The exact time of day at which the delivery took place is involved in a conflict of testimony.

This suit was brought by appellee to recover compensation for mental anxiety and suspense experienced by herself as the result of the failure of Dr. Jones to arrive as she expected. She alleged, that the message was sent by Dr. Henderson as her agent and for her benefit, and the petition charged that the operator at Waelder "was well aware of the importance of said telegram at the time;" but there was no allegation that the agent knew that Dr. Henderson was acting as the agent of Mrs. Kerr, or that the telegram was intended for her benefit.

It appeared from the petition, that the cause of action accrued during the lifetime of Dr. Kerr, and that the sickness from which he was suffering at the time resulted in his death.

Defendant demurred generally, and excepted specially to the petition on the grounds, among others, first, that plaintiff could not maintain the

.action, inasmuch as the right of recovery, if any, belonged to the community estate of herself and her deceased husband, and there was no allegation as to whether or not the husband left children, and whether or not there was an administration, or necessity for one, upon his estate; and second, that the damages claimed from mental suffering, resulting to her from the nondelivery of the message, did not appear to have been within the contemplation of the parties.

The assignments which present as error the overruling of the general ·demurrer and these exceptions raise the principal questions involved in this appeal.

1. A cause of action which accrues for a wrong to the wife before the death of the husband, is undoubtedly the common property of both. Railway v. Burnett, 61 Texas, 638; Railway v. Helm, 64 Texas, 147; Potts v. Tel. Co., 82 Texas, 545.

The question here presented was raised and was involved in the decision in the case last cited, and was decided against the position of appellant.

The husband, while living, is the manager and representative of the community estate, and suits for the enforcement of rights which belong to it must be brought by him. After his death, the wife who survives him is placed by the law, in most respects, in the attitude of a surviving partner. As such she may retain possession of the common estate, and may pay debts with which it is chargeable, and for this purpose may dispose of assets of which it is constituted. She may be sued by creditors holding debts against the community estate, and judgments against her will establish charges against it, and may be satisfied out of it. Carter v. Conner, 60 Texas, 52; Hollingsworth v. Davis, 62 Texas, 438; Leatherwood v. Arnold, 66 Texas, 414.

She may exercise this control over the community estate until the appointment of an administrator upon the estate of her husband.

Having these powers, and being subject to these liabilities, it would seem to follow necessarily that she should be allowed to bring suits to collect and preserve the community estate. Even heirs may bring such actions as are necessary to preserve the estate inherited from the ancestor. Walker v. Abercrombie, 61 Texas, 69. The survivor of the marital partnership does not occupy to the estate the relation simply of an heir. His or her rights and powers are not derived from the deceased by inheritance, but originate in the acquisition of the community property under the laws by which the title and powers of the husband and wife are defined. The rules of law which limit the rights of heirs to sue are not altogether applicable. Ordinarily, heirs can not sue upon a cause of action which accrued to the ancestor, but suit must be brought by an administrator or executor. But an administration is only necessary in order

to pay debts. In case of a community estate where one of the spouses survives, if debts exist, that very fact would authorize such survivor to devote to their payment the community property, and the power to collect the assets for that purpose would result. Children of a deceased husband, it is true, would inherit his half-interest in community property, but would inherit it subject to the wife's power to control it for the purposes indicated.

In the exercise of the power conferred upon her by law in the management of the community estate, the surviving wife holds the position of a trustee for the heirs of the deceased husband. Murrell v. Lumpkin, 46 Texas, 51. In the case of Carter v. Conner, 60 Texas, 60, Chief Justice Willie, speaking of Woodley v. Adams, 55 Texas, 530, 531, uses this language: "In the case last cited, this court strongly asserts the doctrine of this opinion in reference to suits and judgments against the survivor in community, * * * and say that judgments rendered for and against such survivor would be as binding upon those claiming through the deceased member as though such heirs were parties to the record."

Our conclusion is, that admitting that such cause of action as accrued to the husband out of the facts alleged would survive to his legal representatives and become subject to administration for the payment of debts, which, however, we do not decide, the suit may be maintained by the wife as the survivor of the marriage, so long as there is no administration; and that if there was an administration in this case, it was incumbent on the defendant to plead and prove it, inasmuch as the facts alleged showed prima facie a right of action in the plaintiff. Whether or not an administration would supersede plaintiff's right of action, we need not determine.

2. The telegram, according to the petition, was sent by the agent of appellee for her benefit. A breach of the contract thus made would give rise to a cause of action for damages legitimately resulting. That this is true, if Henderson acted as plaintiff's agent, appellant's counsel does not deny. The second question presented does not involve a denial of the right of an undisclosed principal to sue upon a broken contract made by his agent for his benefit, but a question as to the character of damages recoverable.

The damages sought for injuries to the mind of plaintiff, it is claimed, are not recoverable, " because the petition fails to show that the defendant had knowledge that plaintiff was the beneficiary of the contract for the transmission and delivery of the message, and the alleged damages to her are not the proximate results of the negligence complained of; and because the damages alleged to have been sustained are not such as the parties to the contract will be deemed to have contemplated as a result of the breach thereof."

This position, in our opinion, is well taken.

The message was delivered to Dr. Jones and was signed by Dr. Henderson. Plaintiff is not mentioned in it, and there is no allegation that knowledge that she was the real party to the contract was brought to any of the defendant's agents. The message might have been sent by Henderson as well for his own benefit as for that of the plaintiff, or Dr. Kerr, or any one else interested in his welfare. The sender and the person addressed were both physicians in attendance upon the sick man. Nothing would be more natural than for the one, representing no one but himself, to send a message to the other. There was nothing in the dispatch, or the circumstances attending its delivery, to excite any inquiry as to the plaintiff's connection with it. How can it be said that a condition of her mind to result from the failure to deliver it entered into the calculations of the parties when it was sent? It may be true that she can enforce the contract, if made by her agent for her benefit; but she must adopt it as it was, and can recover nothing but what the agent could recover if he sued in his own name. All defenses and rights which the defendant could urge against the agent, if suing, it may urge against the plaintiff. Mech. on Ag., sec. 773.

Can it be contended, that in a suit on this telegram by Henderson an element of damages would be mental anguish of Mrs. Kerr?

In nearly all the cases in our reports in which the plaintiff has been allowed to recover damages for mental anguish, his or her name appeared in the message itself. In the Broesche case, 72 Texas, 654, the plaintiff's name did not appear in the dispatch, but he was present when it was sent, paid the fee to the agent, and the latter knew that the message, signed by another person, was sent for plaintiff's benefit. This is pointed out in later decisions as the controlling feature of that case. Tel. Co. v. Carter, 85 Texas, 585; Elliott v. Tel. Co., 75 Texas, 19. In the latter case it is said: "The face of the message did not advise the defendant that it was intended for the benefit of plaintiffs or that such persons existed, and there was no evidence that defendant's agent knew of the fact that the mill was idle for want of the saw."

Passages from the opinion in the Broesche case are relied on by appellee. Those expressions must be held to apply only to the facts as they there appear. It is there said: "It is immaterial whether appellant was notified that Hons was acting as agent of appellee or not. We can not see how this could have affected the rights or influenced the conduct of appellant's agent." The fact was found, however, that the operator did know of Hons' agency and of Broesche's relation to the telegram. That the fact of the agency was not communicated may be immaterial to some questions, but very material to others. The principal may sue for breach of the contract made for his benefit, whether his existence and connection with it were disclosed or not. But he can not, in our opinion, recover a class of damages affecting his person which an ignorance of his existence

put beyond the contemplation of the other contracting party. Our Supreme Court in this class of cases has restricted the damages recoverable to such as were within the contemplation of the parties. The rule thus enforced is a conservative one, intended to leave it within the power of parties making contracts to form some estimate of the consequences of a failure to perform. How a knowledge which they did not possess would have affected their conduct had they possessed it, we are not called upon to speculate.

The case of Telegraph Company v. Richardson, 79 Texas, 651, much relied on by appellee, was one in which the message was sent in the plaintiff's own name by the agent.

The petition claimed no other damages but such as are indicated above.

The record furnishes no evidence that the defendant's agent knew that Mrs. Kerr was the real sender of the message, if such was the fact. The operator at Waelder was intimately acquainted with both Dr. Kerr and his wife, knew that the former was sick, and knew the importance of the message. But this furnishes no ground for making the defendant liable for mental anguish resulting to Mrs. Kerr from failure to deliver a telegram with which its agent did not know her connection. Neither the pleading nor the evidence stated a cause of action, and the court erred in overruling the general and special exception, and in refusing a new trial.

*Reversed and remanded.*

Delivered October 19, 1893.