WHITEHILL v. WESTERN UNION TELEGRAPH CO.

(Circuit Court, E. D. Arkansas, W. D.   April 4, 1905.)

No. 5,293.

1. PLEADING—DEMURRER—STATE PRACTICE.
    Under the practice prevailing in the courts of the state of Arkansas, a demurrer to a plea goes back to the first defective pleading.
    [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 542.]

2. TELEGRAPHS—MESSAGES—DELAY IN DELIVERY—RIGHT TO SUE.
    Where a telegraph message on its face disclosed that it was sent for the benefit of a third person, the latter was entitled to sue for damages sustained by the company's delay in delivery.
    [Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Telegraphs and Telephones, § 37.]

3. SAME—CONTRACT—CONDITIONS.
    Where a telegraph company failed to promptly transmit and deliver a telegram sent for the benefit of a third person, and she brought suit for damages on the theory that the contract was made for her benefit, she was bound by a condition that the company would not be liable for damages in any case where the claim was not presented in writing within 60 days after the message was filed for transmission.

On Demurrer to Answer.

S. O. Courtney sent the following message from Arkansas City, Ark., to Blytheville, Ark., over the lines of defendant, addressed to Mrs. Belser: "Joe Whitehill died this morning. Tell Nely. [Signed] S. O. Courtney." The complaint alleges that "Nely" is the plaintiff, Cornelia Whitehill, and the sister of Joe Whitehill, mentioned in the telegram. It is charged that the telegram was never transmitted nor delivered, and she seeks in this action to

recover damages sustained by her. Originally, the action was instituted in one of the state courts, but by the defendant removed to this court upon the ground of a diversity of citizenship. The answer denies a failure to transmit or deliver the message, but, on the contrary, alleges that it was transmitted and delivered. In the third paragraph of the answer the defendant pleads that, though the said telegram was duly transmitted and delivered, although perhaps not promptly, one of the conditions upon which the message was accepted and sent provided that "the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission," and that plaintiff did not present any claim in writing to the defendant within 60 days after the said message was filed with the defendant for transmission. Plaintiff demurs to this last paragraph of the answer.

X. O. Pindall and Vinson & Wooten, for plaintiff.
Rose, Hemingway & Rose, for defendant.

TRIEBER, District Judge (after stating the facts). Under the practice prevailing in the courts of the state of Arkansas, a demurrer to a plea goes back to the first defective pleading. Logan v. Moulder, 1 Ark. 320, 33 Am. Dec. 338; Yell v. Snow, 24 Ark. 554. It is therefore necessary to determine whether the complaint states a cause of action. As the plaintiff was neither the sender nor the addressee, it is contended on behalf of the defendant that she cannot maintain this action. In McCormick v. Western Union Telegraph Co., 79 Fed. 449, 25 C. C. A. 35, 38 L. R. A. 684, and Western Union Telegraph Company v. Schriver, 129 Fed. 344, 64 C. C. C. 96, the United States Circuit Court of Appeals for this circuit held that a telegraph company cannot be held liable to a stranger to the company and to the telegram, one to whom it owes no duty whatever. But in neither of these cases did the message, as delivered to the company, show on its face that it was intended to be communicated to the party complaining, as is alleged and charged to have been the case in this action. In the McCormick Case the telegram was addressed to one Frink, and read, "May draw $2,500.00 at sight." By some error or mistake in transmission, the message, when delivered to Frink, read, "May draw $7,500.00 at sight." McCormick, a stranger to the telegram, cashed the draft of Frink for $7,500, in reliance upon the telegram, and, only $2,500 being paid by the sender of the telegram, sought to recover from the telegraph company the difference. In the Schriver Case a forged telegram was transmitted in the name of the Bank of Denison to the Commercial Bank of Britt, Iowa, that it would honor a draft for Barnes for $8,972. Schriver, a stranger to the telegram, sold Barnes cattle, taking his draft on the Bank of Denison for the same, in reliance on that telegram. As in neither of these cases was the telegraph company advised, either by the contents of the telegram or the parties sending them, that any persons other than the addressees were interested in them, they are clearly distinguishable from the case at bar. The question the court now is called upon to determine is whether a telegraph company, accepting a message for transmission which shows on its face that it is to be communicated to a third person, or is for the benefit of a third person, is liable for its negligence in failing to transmit and deliver such telegram to such third person. While there is some conflict among the reported cases on that question, the decided weight of authority, and, in the

opinion of this court, the most convincing reasoning, is in favor of the rule that the person for whose benefit the message is sent, if that fact is apparent from the telegram itself, may maintain an action for damages sustained by reason of the negligence of the company. A few of the cases on that subject are: Western Union Tel. Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; Western Union Tel. Co. v. Coffin, 88 Tex. 94, 30 S. W. 896; Landie v. Western Union Tel. Co., 124 N. C. 528, 32 S. E. 886; Western Union Tel. Co. v. McKibben, 114 Ind. 511, 14 N. E. 894; Reese v. Western Union Tel. Co., 123 Ind. 294, 24 N. E. 163, 7 L. R. A. 583. The complaint shows a good cause of action in favor of the plaintiff.

The demurrer to the third paragraph of the answer raises the question whether the condition on the telegraph blank that the company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within 60 days after the mesage is filed for transmission applies to the addressee as well as the sender when the message is actually sent, but negligently delayed in the delivery. It is conceded by counsel that the condition is reasonable, and binding upon the sender; but it is claimed that there is no contractual relationship between the addressee and the telegraph company, and therefore the condition does not apply to such a plaintiff. While there are some authorities which sustain this contention, the great weight of authority is the other way. The English rule is that an addressee cannot maintain an action at all, as there is no contract between the parties. They hold that, the contract being with the sender, he alone can recover. Dixon v. Reuter's Telegraph Co., 19 Moak, Eng. Rep. 313, affirmed on appeal 30 Moak, Eng. Rep. 1. But the American courts with practical unanimity have declined to follow this rule, and have held that the addressee may recover. The ground upon which the American rule is based is that where two persons make a contract for the benefit of a third person, such party may maintain an action thereon. West v. Western Union Tel. Co., 39 Kan. 93, 17 Pac. 807, 7 Am. St. Rep. 530; Russell v. Western Union Tel. Co., 57 Kan. 230, 45 Pac. 598; Wadsworth v. Western Union Tel. Co., 86 Tenn. 695, 8 S. W. 574, 6 Am. St. Rep. 864; Western Union Tel Co. v. Fenton, 52 Ind. 1; Western Union Tel. Co. v. Culberson, 79 Tex. 65, 15 S. W. 219; De La Grange v. Southwestern Tel. Co., 25 La. Ann. 383. The reason of the American rule, as stated in 27 Am. & Eng. Ency. Law, 1052 (2d Ed.) is that:

"The right of the addressee to recover rests on the contract of sending and on the principle that, where two parties contract for the benefit of a third, the last may maintain an action in his own right for a breach of the agreement. It necessarily follows that the adressee can, as a rule, assert no rights except under the contract made by the sender."

If the right of the addressee to maintain the action depends solely upon the contract made by the sender, it is, of course, subject to the terms of the contract entered into by the sender with the company. It is true, counsel for plaintiff have cited the court to some authorities which place the American rule of the liability of telegraph companies to an addressee upon grounds other than that of contract, holding that such an action is based upon the negli-

gence of the company in the performance of its duty in its public capacity as a common carrier of messages, and that in such actions sounding in tort the injured party is not affected by the rule laid down in Hadley v. Baxendale, 9 Exch. 341. But the Supreme Court of the United States, in Western Union Tel. Co. v. Hall, 124 U. S. 444–456, 8 Sup. Ct. 577, 31 L. Ed. 479, and Primrose v. Western Union Tel. Co., 154 U. S. 1–29, 14 Sup. Ct. 1098, 38 L. Ed. 883, expressly holds that the rule in Hadley v. Baxendale does apply to actions of that nature. As the decisions of that court are conclusive on this, as well as every other federal court, regardless of what other courts, no matter how eminent its judges, may determine, it is the duty of this court to follow them. Where the message was never transmitted or delivered, the stipulation requiring notice within 60 days is not binding, as it may frequently occur that the failure to transmit the message was not discovered until after the expiration of the 60 days.

The demurrer to the third paragraph must therefore be overruled.