Telegraph Co. v. Potts.

WESTERN UNION TELEGRAPH COMPANY *v.* A. B. POTTS
*et ux.*

'(*Knoxville.*    September Term, 1907.)'

1. **TELEGRAMS. Damages for delay in delivery of social tele-
gram.**

   The right to recover damages for mental anguish arising from
   delay in the delivery of a social telegram has been long settled
   in this State.  (*Post, pp.* 42, 43.)

   Cases cited and approved:    Wadsworth v. Telegraph Co., 86
   Tenn., 695; Railroad v. Griffin, 92 Tenn., 694; Telegraph Co. v.
   Mellon, 96 Tenn., 66; Telegraph Co. v. Robinson, 97 Tenn.,
   638; Telephone Co. v. Brown, 104 Tenn., 56; Telegraph Co. v.
   Frith, 105 Tenn., 167; Gray v. Telegraph Co., 108 Tenn.,
   39.

2. **SAME. Same. Damages for delay in delivering telegrams are
   recoverable by sender or addressee; basis of addressee's right.**

   The right to sue for damages for delay in delivering a telegram
   may be in either the sender or addressee, and either on the
   contract or for breach of a statutory duty to promptly deliver.
   If on the contract, the right of the addressee is based on the
   theory that the contract was made for his benefit; if under
   the statute, the sendee sues as the "aggrieved party."  (*Post,
   p.* 43.)

   See headnote 6.

   Cases cited and approved:    Manier v. Telegraph Co., 94 Tenn.,
   442; Telegraph Co. v. Mellon, 96 Tenn., 66; Gray v. Telegraph
   Co., 108 Tenn., 39.

3. **SAME. Same. Same. Action for delay in delivering tele-
   gram under contract or statute is in effect for negligence.**

   The ground of the action for delay in the delivery of a tele-
   gram, if on the contract, is for the breach thereof; if under

the statute, it is for the failure to perform the duty imposed, and in, effect the action is equivalent to one for negligence. (*Post, pp.* 43.)

Cases cited and approved: Wadsworth v. Telegraph Co., 86 Tenn., 695; Telegraph Co. v. Mellon, 96 Tenn., 66; Jones v. Telegraph Co., 101 Tenn., 442; Gray v. Telegraph Co., 108 Tenn., 39.

4. **SAME. Same. Same. Same. Measure of damages for wrongful delay in delivering a telegram as to death.**

The measure of damages for wrongful delay in delivering a death message, whether the suit be on the contract or in tort, is, first, at least nominal damages; second, such damages as may be fairly considered as arising naturally from the breach of the contract or the violation of public duty, or such damages as may be reasonably supposed to have been within the contemplation of both parties when the contract was made, as the probable result of a breach of it; and, third, in a proper case, punitive damages. (*Post, pp.* 43, 44.)

Cases cited and approved: Wadsworth v. Telegraph Co., 86 Tenn., 695; Railroad v. Griffin, 92 Tenn., 694; Telegraph Co. v. Mellon, 96 Tenn., 66; Jones v. Telegraph Co., 101 Tenn., 442; Telegraph Co. v. Frith, 105 Tenn., 167; Gray v. Telegraph Co., 108 Tenn., 39; Telegraph Co. v. Reid, 120 Ky., 231; McPeek v. Telegraph Co., 107 Iowa, 356.

5. **SAME. Telegraph company may anticipate damages for delay in delivery, from what.**

A telegraph company may learn the grounds on which it may base an estimate of, or anticipate, the damages that may result or naturally flow from a failure to properly deliver the message, either from facts communicated to its agents *dehors* the message or from the face of the message itself. (*Post, pp.* 44, 45.)

Cases cited and approved: Pepper v. Telegraph Co., 87 Tenn., 554, 558; Telegraph Co. v. Frith, 105 Tenn., 167; Telegraph Co. v. Adams, 75 Tex., 531; Telegraph Co. v. Feegles, 75 Tex., 537;

Telegraph Co. v. Potts.

Telegraph Co. v. Edmondson, 91 Tex., 206; Telegraph Co. v. Swearingin, 97 Tex., 293; Telegraph Co. v. Lathrop, 131 Ill., 575; Reese v. Telegraph Co., 123 Ind., 294; Bright v. Telegraph Co., 132 N. C., 317; Davis v. Telegraph Co., 107 Ky., 527.

6.  **SAME.** Action for delay in delivery of telegram may be maintained by disclosed beneficiary, or by undisclosed principal of sender.

An action for delay in delivering a telegram may be brought by one whose name appears in the message as the beneficiary thereof, though he is neither the sender nor addressee; or it may be brought by the undisclosed principal of the sender. (*Post, p.* 45.)

See headnote 2.

Cases cited and approved: Foster v. Smith, 2 Cold., 474, 478; Telegraph Co. v. Mellon, 96 Tenn., 66; Whitehill v. Telegraph Co. (C. C.), 136 Fed., 499, 500; Milliken v. Telegraph Co., 110 N. Y., 403; Leonard v. Telegraph Co., 41 N. Y., 544; Harkness v. Telegraph Co., 73 Iowa, 190; Telegraph Co. v. Broesche, 72 Tex., 654; Telegraph Co. v. Kerr, 4 Tex. Civ. App., 280.

7.  **SAME.** Same. Undisclosed principal in a social telegram cannot recover for mental anguish, but only what the apparent sender could recover, namely, price of message.

The undisclosed principal of both the sender and the addressee of a social telegram, as a death message, may maintain an action for wrongful delay in the delivery thereof, though he cannot recover for his mental anguish, and can recover only such damages as the apparent sender could recover, namely, the cost of the telegram. The rule may be otherwise as to commercial telegrams. (*Post, pp.* 45-52.)

Cases cited and approved: Foster v. Smith, 2 Cold., 474, 478; Telegraph Co. v. Kerr, 4 Tex. Civ. App., 280; Express Co. v. Redman (Tex. Civ. App.), 60 S. W., 677; Helms v. Telegraph Co., 143 N. C., 386 (overruling Cashion v. Telegraph Co., 124 N. C., 459, and Landie v. Telegraph Co., 124 N. C., 528); Leon-

ard v. Telegraph Co., 41 N. Y., 544 (a commercial telegram); Harkness v. Telegraph Co., 73 Iowa, 190 (a commercial telegram); Milliken v. Telegraph Co., 110 N. Y., 403.

Cases cited and disapproved: Lee v. Telegraph Co., 51 Mo. App., 375; Telegraph Co. v. Schriver, 72 C. C. A., 596.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County.—M. M. ALLISON, Judge.

BROWN & SPURLOCK and SHIELDS, CATES & MOUNT-CASTLE, for Telegraph Co.

MURRAY & MURRAY, for Potts.

MR. JUSTICE NEIL delivered the opinion of the Court.

Action to recover damages for failure to promptly deliver a telegram, recovery in the court below for $500, and an appeal in error by the company.

The facts are as follows:

The mother of Mrs. Clara Potts, of Chattanooga, Tennessee, was lying at the point of death near Springville, Ala. Mrs. Potts requested her brother, W. D. Self, to telegraph news of her mother's death to Chattanooga, when it should occur, in time to enable her to be present at the funeral. The arrangement between them was that the message was to be sent to her husband, A. B.

Telegraph Co. v. Potts.

Potts, at his place of business. and he promised his wife that on receiving such a message he would promptly deliver it to her.   Mr. Self complied with his promise by handing to plaintiff in error for transmission the following message:

"Springville, Ala., 2/14, 1905.
"A. B. Potts, care of Master Mechanic, C. S.

Shops, Chattanooga, Tenn.

"Mother died this morning, seven o'clock; come to Springville, train one, tonight.

"W. D. SELF."

The message reached Chattanooga at 2:48 p. m. on the same day, and could have been delivered in ample time to enable Mrs. Potts to leave for Springville on the 6:30 p. m. train.   If she had received the message in time, she could and would have reached Springville in ample time for the funeral.   The company, however, negligently failed to deliver the message until after the 6:30 train had left.   In consequence of this negligence Mrs. Potts could not leave for Springville until the next morning.   She left on the earliest train possible after the delivery of the message to her husband, but was able to reach her mother's home only after the interment had taken place.

Mrs. Potts and her husband brought suit to recover damages on this state of facts, with the result already stated.

The company had no further knowledge or notice of the relations of the parties or the probable consequences

of a negligent failure to deliver the message, than such as was furnished by the face of the message itself.

The company moved for peremptory instructions in the court below, which was refused, and it insists here that the court erred in denying the motion.

The plaintiff in error insists that the facts stated do not make out a case of liability against it, since, as it claims, Mrs. Potts was neither sender nor sendee of the message, and there was nothing on its face indicating that she had any interest in it. Hence it is said the consequences to Mrs. Potts, in the way of mental suffering or otherwise, or a failure on the part of the company to deliver the message, could not have been within reasonable contemplation.

At a former term of the court the judgment of the circuit court was affirmed, and a petition for rehearing was thereafter filed by the telegraph company, and was held under advisement.

It is not necessary to discuss the right to damages for mental anguish arising from delay in the delivery of a social telegram. That question has long been settled in this State. *Wadsworth* v. *Telegraph Company,* 86 Tenn., 695, 8 S. W., 574, 6 Am. St. Rep., 864; *Railroad* v. *Griffin,* 92 Tenn., 694, 22 S. W., 737; *Telegraph Company* v. *Mellon,* 96 Tenn., 66, 33 S. W., 725; *Telegraph Company* v. *Robinson,* 97 Tenn., 638, 37 S. W., 545, 34 L. R. A., 431; *Telegraph Co.* v. *Frith,* 105 Tenn., 167, 58 S. W., 118; *Gray* v. *Telegraph Co.,* 108 Tenn., 39, 64 S. W., 1063, 56 L. R. A., 301, 91 Am. St. Rep., 706; *Telephone*

*Co.* v. *Brown,* 104 Tenn., 56, 55 S. W., 155. The right to sue may be in either the sender or the sendee, and may be either on the contract or for breach of the statutory duty to promptly deliver. If on the contract, the right of the sendee is based on the proposition that the contract must be treated as made between the sender and the company for the benefit of the sendee; if under the statute, the sendee sues as the "aggrieved party." *Manier & Co.* v. *Telegraph Co.,* 94 Tenn., 442, 448, 29 S. W., 732; *Gray* v. *Telegraph Co.,* 108 Tenn., 39, 64 S. W., 1063, 56 L. R. A., 301, 91 Am. St. Rep., 706; *Telegraph Co.* v. *Mellon,* supra. The ground of the action, if on the contract, is for the breach thereof; if under the statute, it is for the failure to perform the duty imposed, and in effect the action is equivalent to one for negligence. *Gray* v. *Telegraph Co.,* 108 Tenn., 39, 49, 50, 64 S. W., 1063, 56 L. R. A., 301, 91 Am. St. Rep., 706; *Wadsworth* v. *Telegraph Co.,* supra; *Jones* v. *Telegraph Co.,* 101 Tenn., 442, 47 S. W., 699; *Telegraph Co.* v. *Mellon,* supra. The measure of damages, whether the suit be on the contract or in tort, is, in this class of cases substantially the same, viz: (1) If there has been a violation of the contract, or a breach of duty on the part of the company, the aggrieved party is entitled to recover, in any event, nominal damages. *Wadsworth* v. *Telegraph Co.,* supra; *Jones* v. *Telegraph Co.,* supra; *Telegraph Co.* v. *Mellon,* supra; *Gray* v. *Telegraph Co.,* supra. (2) Such damages as may be fairly and reasonably considered as arising naturally, in the usual

course of things, from the breach of the contract or the violation of public duty, or such damages as may be reasonably supposed to have been within the contemplation of both parties, at the time they made the contract, as the probable result of a breach of it. *Wadsworth* v. *Telegraph Co.,* supra; *Railroad* v. *Griffin,* supra; *Telegraph Co.* v. *Reid,* 120 Ky., 231, 85 S. W., 1171, 70 L. R. A., 289; *McPeek* v. *Telegraph Co.,* 107 Iowa, 356, 78 N. W., 63, 43 L. R. A., 214, 70 Am. St. Rep., 205; 27 Am. & Eng. Enc. Law (2d Ed.), p. 1059. (3) In a proper case, punitive damages. *Telegraph Co.* v. *Frith,* 105 Tenn., 167, 58 S. W., 118; *Telegraph Co.* v. *Mellon,* supra. The company may learn the grounds on which it may base an estimate of, or anticipate, the damages that may result or naturally flow from a failure to properly deliver the message, either from facts communicated to its agents *dehors* the message or from the face of the message itself. *Pepper* v. *Telegraph Co.,* 87 Tenn., 554, 558, 11 S. W., 783, 4 L. R. A., 660, 10 Am. St. Rep., 699; *Telegraph Co.* v. *Frith,* supra; *Telegraph Co.* v. *Adams,* 75 Tex., 531, 12 S. W., 857, 6 L. R. A., 844, 16 Am. St. Rep., 920; *Postal Telegraph Co.* v. *Lathrop,* 131 Ill., 575, 23 N. E., 583, 7 L. R. A., 474, 19 Am. St. Rep., 55; *Telegraph Co.* v. *Feegles,* 75 Tex., 537, 12 S. W., 860; *Reese* v. *Telegraph Co.,* 123 Ind., 294, 24 N. E., 163, 7 L. R. A., 583; *Telegraph Co.* v. *Swearingin,* 97 Tex., 293, 78 S. W., 491, 104 Am. St. Rep., 876; *Bright* v. *Telegraph Co.,* 132 N. C., 317, 43 S. E., 841; *Davis* v. *Telegraph Co.,* 107 Ky., 527, 54 S. W., 849, 92 Am. St.

Rep., 371; *Telegraph Co.* v. *Edmondson,* 91 Tex., 206, 42 S. W., 549.

It is not necessary to a recovery that the suit should be brought either by the person whose name appears in the telegram as the sender, or by the one whose name appears as the sendee. It may be brought by one whose name appears upon the face of the message as the beneficiary thereof, though neither the sender nor the sendee. *Telegraph Co.* v. *Mellon,* supra, *Whitehill* v. *Telegraph Co.* (C. C.), 136 Fed., 499, 500. Or it may be brought by the undisclosed principal of the sender. *Milliken* v. *Telegraph Co.,* 110 N. Y., 403, 18 N. E., 251, 1 L. R. A., 281; *Leonard* v. *Telegraph Co.,* 41 N. Y., 544, 1 Am. Rep., 446, 454; *Harkness* v. *Telegraph Co.,* 73 Iowa, 190, 34 N. W., 811, 5 Am. St. Rep., 672; *Telegraph Co.* v. *Broesche,* 72 Tex., 654, 10 S. W., 734, 13 Am. St. Rep., 843.

It would seem to follow, from the principles above stated, that the undisclosed principal of the sendee might also bring the action; but the contrary has been held in two cases. *Lee* v. *Western Union Telegraph Co.,* 51 Mo. App., 375; *Western Union Telegraph Co.* v. *Schriver,* 141 Fed., 538, 72 C. C. A., 596, 4 L. R. A. (N. S.), 678. And there seems to be a general disinclination to extend the right of recovery for mental anguish, as distinguished from physical injury, beyond the point already reached by the authorities. However, it seems to be recognized that, where the person interested in the telegram is the undisclosed principal of both the sender

and the sendee, he may recover. *Leonard* v. *Telegraph Co.*, supra; *Milliken* v. *Telegraph Co.*, supra.

This is the case we have before the court now for consideration. Both the sender and the sendee were the agents of the undisclosed principal, Mrs. Clara Potts.

The petition to rehear and the accompanying brief, so far as they need be noticed, make the point that the court, in the former opinion, erred in respect of the measure of damages. It is conceded that the undisclosed principal of the sender of a telegram could sue for breach of the contract, but it is said that he would have to adopt the contract as he found it, that he would be entitled to recover only such damages as the apparent sender could recover, and that this would necessarily exclude damages for the mental anguish of the undisclosed principal; that the telegraph company and the apparent sender, together with the language of the message, would be the persons and the matter for consideration; that the company would be presumed to have in contemplation the language, purport, and effect of the message, and the relation of the apparent sender thereto, and would be liable to the apparent sender, in case of a breach of duty in respect of the message, for all such damages as might be considered as arising naturally, in the ordinary course of things, from such breach of contract or violation of duty, but this could not be held to include a special injury to a third person, whose particular relation to the matter could not be held in contemplation, because not only unknown, but un-

Telegraph Co. v. Potts.

suggested by the language of the message or otherwise; that where the subject of the message is some commercial matter, and a breach of duty occurs on the part of the telegraph company, the nature of the business, which is the subject of the telegram, places the parties thereto in possession of data from which they may contemplate the probable effect of a failure in correct and seasonable transmission and delivery on the part of the company, and that an undisclosed principal can obtain the benefit of this as fully as the agent, the apparent sender; but that the case is different in respect of social messages, since in these the personal element enters of the special relation of the parties thereto, and unless the existence of such parties and the fact that they have an interest in the message be called to the attention of the company, by something in the language of the message itself or by collateral information given to the company or its agent in the course of the transaction, it is impossible that there should have been had in contemplation the relationship and interest of such parties, and the probable result to them of a breach. It is said that it was on this principle that the recoveries were based in favor of the undisclosed principal in the two commercial cases referred to in the original opinion (*Leonard* v. *Telegraph Co.*, 41 N. Y., 544, 1 Am. Rep., 446, 454; *Harkness* v. *Telegraph Co.*, 73 Iowa, 190, 34 N. W., 811, 5 Am. St. Rep., 672), and on which relief for mental anguish was denied in *Telegraph Co.* v. *Kerr*, 4 Tex. Civ. App., 280, 23 S. W., 564, and *Pacific Express*

*Co.* v. *Redman* (Tex. Civ. App.), 60 S. W. 677, and that
the two mental anguish cases relied upon in the original
opinion (*Cashion* v. *Telegraph Co.,* 124 N. C., 459, 32
S. E., 746, 45 L. R. A., 160, and *Landie* v. *Telegraph Co.,*
124 N. C., 528, 32 S. E., 886) have, since the delivery
of our former opinion, been discredited by the su-
preme court of North Carolina; the first-mentioned case
having been in terms overruled, and the second in effect,
by the case of *Helms* v. *Western Union Telegraph Co.,*
143 N. C., 386, 55 S. E., 831, 8 L. R. A. (N. S.), 249, 118
Am. St. Rep., 811, it having been held in the case last
cited, and the two Texas cases (4 Tex. Civ. App., 280,
23 S. W., 564, and [Tex. Civ. App.] 60 S. W., 677) that
the undisclosed principal in a social telegram could not
recover for his mental anguish, but only such damages
as the apparent sender could recover, that is, the cost
of the telegram.

This view of the matter was not suggested by counsel
at the former hearing, nor did it occur to the court; but
after further examination of the authorities and careful
reflection we are of the opinion that this is the correct
view. Of course, there never could have been any doubt
of the general proposition that an undisclosed principal
of the sender could have the benefit of a contract made
for him by his agent in the name of the latter; but
the conditions which he must submit to in availing him-
self of such contract were not sufficiently attended to in
due correlation to the measure of damages in cases of
the character before us.

In our own case of *Foster* v. *Smith,* 2 Cold., 474, 478, 88 Am. Dec., 604, the court said:

"It will make no difference in such cases . . . that the principal, at the time of entering into the contract, is unknown or unsuspected, nor that the third person has dealt with the agent, supposing him to be the sole principal. The only effect of the last consideration is that the principal will not be permitted, while insisting upon the contract, to intercept the right of such third person in regard to the agent but he must take the contract, subject to all the rights of such third person, in the same way as if the agent was the sole principal, and subject to these rights the principal may generally sue upon such contract in the same manner as if he had personally made it. Neither can it make any difference that the contract be of that character that the agent may maintain a suit upon it in his own name. In cases where a third person deals with an agent, supposing him to be the principal, and without any knowledge that the property involved in the transaction belongs to another, such third person may acquire rights which will be protected; and to this end, it can make no difference whether the action be in the name of the principal or agent. The right to sue upon the contract entered into by the agent, within the scope of his power, and to the enjoyment of all its benefits and advantages by operation of law, flows to the principal, though he may be unknown; and the fact that the third person dealt with

the agent, believing him to be the principal, cannot defeat the rights of the principal. Neither will the fact that the name of the principal was concealed, while such third person was induced to contract with the agent believing him to be the principal, be permitted to defeat the rights of such third person under or growing out of such contract, even though the action be brought in the name of the principal; and in all such cases it may be said the principal 'steps into the shoes of the agent.' "

In *Western Union Telegraph Co.* v. *Kerr*, supra, it appeared that, the husband of Mrs. Kerr being ill, she asked one Henderson to send a message to Dr. J. C. Jones, at Gonzales, Texas. This message was sent, but was signed only by Henderson, and it was not known to the telegraph company, or to its agent, that Henderson was acting as agent for Mrs. Kerr. The message was not delivered promptly, the husband of Mrs. Kerr died, and the suit was brought to recover compensation for mental anguish and for suspense experienced by her, as the result of the failure of Dr. Jones to arrive as she expected. On this subject the court said:

"The telegram, according to the petition, was sent by the agent of appellee for her benefit. A breach of the contract thus made would give rise to a cause of action for damages legitimately resulting. That this is true, if Henderson acted as plaintiff's agent, appellant's counsel does not deny. The second question presented does not involve a denial of the right of an undisclosed principal to sue upon a broken contract made by his agent

---

Telegraph Co. v. Potts.

---

for his benefit, but raises a question as to the character of damages recoverable."

After adverting to the fact that the telegraph company had no notice that Henderson was acting as agent for Mrs. Kerr, the court continued: "There was nothing in the dispatch, or the circumstances attending its delivery, to excite any inquiry as to the plaintiff's connection with it. How can it be said that a condition of her mind, the result of the failure to deliver, entered into the calculation of the parties when it was sent? It may be true that she can enforce the contract, if made by her agent for her benefit; but she must adopt it as it was, and can recover nothing but what the agent could recover if he sued in his own name. All defenses and rights which the defendant could urge against the agent, if suing, it may urge against the plaintiff. Mechem, Ag. section 773. Can it be contended that, in a suit on this telegram by Henderson, such element of damages would be mental anguish of Mrs. Kerr? . . . That the fact of the agency was not communicated may be immaterial to some questions, but very material to others. The principal may sue for breach of the contract made for his benefit, whether his existence and connection with it were disclosed or not; but he cannot, in our opinion, recover a class of damages affecting his person, which an ignorance of his existence put beyond the contemplation of the other contracting party."

The case of *Pacific Express Company* v. *Redman,*

supra, is in strict accord. In that case it appeared that Miss Redman, through her agent, N. B. Pruett, ordered certain medicine, by express, from a neighboring town. By reason of the negligence of the express company the medicine was not promptly delivered, and as a result thereof Miss Redman averred that she suffered great, physical and mental pain, and her recovery was seriously retarded. It was not known to the express company that Mr. Pruett was acting as her agent. He made the order in his own name, and it was held that Miss Redman could not recover any damages peculiar to herself, but only such as Pruett could have recovered if he had been suing.

In view of what has been said in this opinion, we think that the conclusion reached in the former opinion, as to the liability of the company, was erroneous, and that a peremptory instruction should have been given in favor of the company, to the extent, at least, of directing a verdict for nominal damages only, that is, for the price of the message, forty cents. A judgment will accordingly be entered now. The plaintiff in error will pay the costs of this court, and the defendant in error the costs of the court below.