P. FAIRLEY *v.* WESTERN UNION TELEGRAPH CO.

1. SUPERINTENDENT OF INSTITUTE FOR THE BLIND. *His duties.*

The duties of the superintendent of the institute for the blind are defined by § 2318, code 1892, to the effect, that "he shall have general control over. and responsibility for, the management of the institute and the care of its property," and § 13 of art. 4 of the by-laws adopted by the board of trustees, wherein it is provided that he "shall have care of all the buildings and grounds of the institution, and shall see that they be kept constantly in order, both as to cleanliness and minor repairs."

2. SAME. *Can recover for services as physician. Sec. 267, const. 1890, construed.*

All laws must receive a reasonable interpretation, and the right of the superintendent of the institute for the blind to recover upon a contract for professional services as a physician, rendered during a short absence in the summer vacation, when all the pupils of the institution had been removed to their homes, is not affected by § 267 of the state constitution, wherein it is provided that "no person elected or appointed to any office or employment of profit, under the laws of this state, or by virtue of any ordinance of any municipality of this state, shall hold such office or employment without personally devoting his time to the performance of the duties thereof."

3. DAMAGES. *Gains prevented recoverable.*

In an action against a telegraph company for the damages occasioned by unreasonable delay in delivering a message, gains prevented are recoverable.

FROM the circuit court of the first district of Hinds county.

HON. J. B. CHRISMAN, Judge.

Judgment for plaintiff as to part of his demand. Plaintiff appeals.

The plaintiff, P. Fairley, is superintendent of the state institute for the blind, and, as he testifies, also a practicing physician in the city of Jackson. In July, 1894, he received a dispatch from one T. H. Thornton, of Sandersville, Jones county, Mississippi, informing him of the serious illness of Mrs. Thornton, the wife of the sender, and requesting him to come at once to that place. The delivery of the message was unreasonably delayed by the telegraph company, and Fairley, on inquiring by telegraph whether it was still necessary for him to come, was informed that Mrs. Thornton was better, and it was no longer necessary. He thereupon sued the telegraph company, before a justice of the peace, for the statutory penalty of $25 and $75 special damages for the reasonable physician's fee lost that he might have earned but for the appellant's negligence.

The justice of the peace gave plaintiff judgment for the statutory penalty, but denied relief as to the special damages

claimed. The plaintiff appealed to the circuit court, and, on the trial *de novo* by that court, a jury being waived, it was held that plaintiff, who was again awarded the statutory penalty, was not entitled to recover the special damages claimed, by reason of the constitutional inhibition quoted in the opinion. The evidence showed that during the summer vacation, when the pupils are all absent at their homes, the superintendent has practically no duties to perform; that the general care and custody of the buildings and grounds, devolved upon him by law, do not necessitate his constant presence at the institution, where his family reside and a matron is in charge. It was also shown that $75 was only a reasonable charge for a physician going from Jackson to Sandersville on an ordinary call to attend a patient at the latter place. A copy of the by-laws of the institution, containing the provision quoted in the opinion, is made a part of the record by agreement.

*W. C. Wells,* for appellant.

The appellant was entitled to recover substantial damages, because of the failure of appellee to deliver the message to him within a reasonable time. 3 Suth. on Dam., pp. 295, 298, § 957; Gray on Com. by Tel., § 82; *McLaurin* v. *W. U. Tel. Co.,* 70 Miss., 30; *W. U. Tel. Co.* v. *Clifton,* 68 Miss., 307; *Same* v. *Allen,* 66 Miss., 549; *Same* v. *Dozier,* 67 Miss., 288; *Same* v. *Liddell,* 68 Miss., 1: *Same* v. *Longwell,* 21 Pac. Rep., 339; 25 Am. & Eng. Enc. L., 565.

Section 267 of the state constitution, construed reasonably and with reference to the intent and object of the framers of the constitution, contains nothing to preclude a recovery of the special damages claimed. Cooley on Const. Lim., * pp. 55, 56, 57, 58, 61, 65; *Green* v. *Welter,* 32 Miss., 678.

There is nothing in the constitution or laws of the state, or any general principle of public policy, forbidding the appellant to practice his profession as a physician while holding the office of superintendent of the institute for the blind. Greenh.

on Pub. Pol., p. 116; *Kellogg* v. *Larkin*, 3 Pinney (Wis.), 123; 56 Am. Dec., 164, 123, 546, and cases cited in notes; *Richmond* v. *D. & L. R. R. Co.*, 26 Iowa, 191, 202; *Peterson* v. *Christiansen*, 9 Rep., 376; 26 Minn., 377; *Swan* v. *Swan*, 21 Fed. Rep., 299; *Walsh* v. *Fussell*, 3 M. & P., 657; Chitty on Con., 667.

*Mayes & Harris*, for appellee.

The appellee was not entitled to recovery unless he could also enforce his demand for compensation against Thornton, and he could not maintain it against him because it arose out of a transaction contrary to public policy.     Sec. 267, const. 1890; Greenhood on Pub. Pol., pp. 1, 2, 5, 206, 512, 535; Bishop on Con., §§ 470, 476; Walker's Am. Law, 473.

The word "devote," used in § 267 of the state constitution, has a well-known meaning, and is clearly defined by lexicographers.     Webster's Dic.; Worcester's Dic.     Both by express statute and the by-laws adopted under statutory authority by the board of trustees, the duties of the appellant as superintendent are so defined that, when taken in connection with the inhibition contained in § 267 of the constitution, they exclude the idea that he may leave them to engage in other pursuits.     Sec. 2318, code 1892; § 13, art. 4, by-laws.     The appellant lost no time, and did not travel, and, in no event, was entitled to recover more than the ordinary charge for a single call upon a patient in the city of his residence.

Argued orally by *W. Calvin Wells*, for the appellant.

WOODS, J., delivered the opinion of the court.

It appears that the appellant is the superintendent of the Institute for the Blind, in the city of Jackson, and that he is also by profession a physician, though the office and the profession have no legal or necessary connection.     He is not, by § 2318, code of 1892, charged with any duty as a teacher in the institute, nor is he so charged in the by-laws which have

been adopted by the trustees of the institute. By the afore-said section it is declared that the superintendent "shall have general control over and responsibility for the management of the institute, and the care of its property." Under the thir-teenth section of the fourth article of the by-laws enacted by the trustees, it is said that the superintendent "shall have care of all the buildings and grounds of the institution, and shall see that they be kept constantly in order, both as to cleanliness and minor repairs."

At the time of the injury complained of in this action, the duties thus imposed upon the superintendent consisted in the general control over and care of the property of the institute, for the annual session of the school had closed upon the twenty-fifth of June of that year, and all pupils had been removed to their homes. See art. 5, by-laws of institute. Under this condition of things, it is contended by counsel for appellee that any contract made with Thornton, the sender of the telegram, would have been void, as against the public policy of the state, and reliance for this proposition is placed on § 267 of our pres-ent constitution, and it is contended that, if the appellant could not have recovered against Thornton in an action upon the con-tract for his professional services, he cannot recover against the appellee in this action for tort growing out of the failure of the telegraph company to discharge a public duty. For the sake of brevity, we pass by any consideration of that part of the proposition which asserts nonliability in this suit because of the supposed nonliability of Thornton on contract, and con-sider only that question which alone demands settlement in order to determine the rights of the parties to this litigation.

Section 267 of the constitution is in these words: "No per-son elected or appointed to any office or employment of profit under the laws of this state, or by virtue of any ordinance of any municipality of this state, shall hold such office or employ-ment without personally devoting his time to the performance of the duties thereof." It requires neither philological research

and definition, nor legal interpretation, to properly interpret this language and ascertain its meaning. It forbids not only the farming out of a public office, but it requires that the official shall give his own time and personal services to the performance of the duties of his office. Having been elected or appointed to a public office because of his supposed fitness for the proper performance of the duties of his place, the official himself shall be required to give his time, his attention and his services to the discharge of his official duties. This is eminently wise and just, and it involves no hardship upon the official who seeks and accepts public station. But will the voluntary absence of an officer for two or three days from his place of official residence or business, when his sole public duty consists in the general care of the public property, over which he has the superintendency, violate either the letter or spirit of the constitutional provision we are considering? Must the superintendents of all our charitable institutions never leave their official residences or offices? Must the nearly four score sheriffs of the state, who are charged with the care of the various courthouses, never depart from their several county seats, either when the public service seems to require such absence, or when a brief absence may be had without any detriment to the public good? Shall the secretary of state never leave the capitol building and grounds, of which he is the keeper by law? These questions must have reasonable answers. If the public duties of an office require all the time of the public servant, then the whole time must be given. If all the time of the officer be not required for the complete and faithful execution of his trust, then he shall give such time and devote such service as shall suffice for the full and faithful discharge of the duties of his office.

The construction of this constitutional provision contended for by appellee's counsel goes only skin deep, and does not touch the core of the matter, and is not maintainable.

We are considering the case before us on its own facts, and,

so considering it, we are of the opinion that the appellant's conduct, in this particular instance, was not violative of public policy.

The negligence of appellee in failing to deliver the telegram was found, as matter of fact, by the learned court below, and of this appellee does not complain. The fee which the appellant thus lost by appellee's negligence is recoverable; for gains prevented are not to be distinguished, in principle, from losses sustained in cases of this character.

*Reversed and remanded*