WESTERN UNION TELEGRAPH CO. *v.* H. M. GREEN.*

*(Knoxville.* September Term, 1925.)

1. **TELEGRAPHS AND TELEPHONES.** Telegraph company held put on notice of damages to sendee, from failure to promptly deliver message (Shannon's Code, sections 1837, 1838).

Where telegraph company violated Shannon's Code, sections 1837, 1838, in delaying delivery of telegram addressed to physician, asking sendee to call sender on phone immediately, telegraph company was put on notice that sendee would suffer pecuniary damages from breach of duty to promptly deliver message. (*Post, p.* 75.)

Cases cited and approved: Marr v. Western Union, 85 Tenn., 529; Wadsworth v. Telegraph Co., 86 Tenn., 695; Pepper v. Telegraph Co., 87 Tenn., 554; Telegraph Co. v. Frith, 105 Tenn., 167; Gray v. Telegraph Co., 108 Tenn., 39; Telegraph Co. v. Potts, 120 Tenn., 37; Stevens v. Dudley, 56 Vt., 158; Dixon v. Rauters Teleg. Co., 3 C. P. Div., 1; Playbard v. United Kingdom Tel. Co., L. R., 4 Q. B., 706.

Cases cited and distinguished: Hadley v. Baxendale, 9 Exch., 341; Brown v. Railroad Co., 54 Wis., 342; Mentzer v. Tele Co., 62 N. W., 1; Tel. Co. v. Dubois, 21 N. E., 4.

Code cited and construed: Secs. 1837, 1838 (S.).

2. **TELEGRAPHS AND TELEPHONES.** Language of telegram, indicating importance, is sufficient to support recovery for actual damages from delayed delivery.

Language of telegram, indicating its importance, is sufficient to support recovery for actual damages caused by delayed delivery,

---

*On damages recoverable by addressee of telegram for delay in delivery, see note in 30 L. R. A. (N. S.), 1133.

Loss of opportunity to respond to a call for professional services as ground for action against telegraph company, see note in 14 L. R. A. (N. S.), 533.

though application is given to rule limiting damages to those reasonably supposed to have been within contemplation of parties. (*Post, pp.* 75-77.)

Cases cited and approved: W. U. Tel. Co. v. Church, 3 Neb., 22; Fairley v. Tel. Co., 73 Miss., 6; W. U. Tel. Co. v. McLaurin, 70 Miss., 26; W. U. Tel. Co. v. Longwill, 21 P., 339; Texas & W. Tel. & Tel. Co. v. Mackenzie, 36 Tex. Civ. App., 178; W. U. Tel. Co. v. Adams, 75 Tex., 531; W. U. Tel. Co. v. Biggerstaff, 167 Ind., 168.

Case cited and distinguished: W. U. Tel. Co. v. Northcutt, 48 So., 553.

3. TELEGRAPHS AND TELEPHONES. Sendee of telegram, aggrieved by delay, may recover damages (Shannon's Code, sections 1837, 1838).

Under Shannon's Code, sections 1837, 1838, requiring transmission of telegrams without unnecessary delay, sendee of telegram, if aggrieved by delay in sending of message, may recover damages from telegraph company. (*Post, p.* 77.)

4. TELEGRAPHS AND TELEPHONES. Sendee may recover actual damages suffered by delayed delivery of telegram, without notice being given telegraph company that damages might accrue (Shannon's Code, sections 1837, 1838).

Sendee of telegram is entitled to recover direct and actual damages suffered as result of violation by telegraph company of Shannon's Code, sections 1837, 1838, requiring transmission of message without unnecessary delay, without necessity of notice being given company, either on face of telegram or *dehors* the message, that damages suffered by sendee would or might accrue. (*Post, pp.* 77, 78.)

Case cited and approved: Wadsworth v. Tel. Co., 86 Tenn., 695.

Code cited and construed: Secs. 1837, 1838 (S.).

5. TELEGRAPHS AND TELEPHONES. Breach by telegraph company of statutory duty to transmit messages promptly is prima-facie tort (Shannon's Code, sections 1837, 1838).

Breach by telegraph company of duty created by Shannon's Code, sections 1837, 1838, to transmit messages without unnecessary delay

W. U. Tel. Co. v. Green.

is *prima-facie* a tort, especially where statute expressly provides for damages for delay. (*Post, pp.* 78-82.)

Cases cited and approved: Fisher v. W. U. Tel. Co., 119 Wis., 146; Tel. Co. v. Biggerstaff, 177 Ind., 168.

Cases cited and distinguished: Barker v. W. U. Tel. Co., 134 Wis., 147; Wadsworth v. Tel. Co., 86 Tenn., 695.

6. **DAMAGES.** Injured party is entitled to recover at least actual loss, where statute provides for damages.

Fundamental principle of law of damages is that injured party shall be compensated for injury sustained, and, when statute provides for damages, he may recover such amount at least as will cover his actual loss. (*Post, p.* 82.)

7. **DAMAGES.**

Rule that measure of damages is such as parties with notice of facts must have contemplated would flow from their acts is applicable only to breaches of contract, and not to actions for torts. (*Post, p.* 83.)

8. **TELEGRAPHS AND TELEPHONES.** Loss of fee for professional services caused by delayed delivery of telegram held not too remote or speculative damages (Shannon's Code, sections 1837, 1838).

Loss of fee by physician, caused by delay in delivery of telegram, requiring physician to call doctor in another town, the purpose being to have him perform professional services there, is not too remote or speculative to support recovery against telegraph company for breach of duty under Shannon's Code, sections 1837, 1838, to deliver telegram promptly. (*Post, p.* 83.)

---

*Headnotes 1. Telegraphs and Telephones, 37 Cyc., p. 1773; 2. Telegraphs and Telephones, 37 Cyc., p. 1751; 3. Telegraphs and Telephones, 37 Cyc., p. 1717; 4. Telegraphs and Telephones, 37 Cyc., p. 1751 (Anno); 5. Telegraphs and Telephones, 37 Cyc., p. 1710; 6. Damages, 17 C. J., Section 68; 7. Damages, 17 C. J., sections 76, 82; 8. Telegraphs and Telephones, 37 Cyc., pp. 1756, 1773 (Anno).

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HON. A. C. GRIMM, Judge.

CATES, SMITH, TATE & LONG, for W. U. Tel. Co.

JOHN W. GREEN, for H. M. Green.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Petitioner Green brought suit before a magistrate for damages for failure of the telegraph company to deliver to him promptly a message sent from Bristol, reading as follows:

"Dr. H. M. Green, Green Building, Vine Avenue, Knoxville, Tennessee.

"Please call on phone immediately.

"DR. R. B. MCARTHUR."

As suggested by the address Dr. Green is a physician and surgeon in Knoxville, and Dr. McArthur is of the same profession, residing in Bristol. It appears that Dr. McArthur was unable to reach Dr. Green directly by phone, and hence telegraphed Dr. Green to call him; the purpose being to get Dr. Green to Bristol to perform professional services for which he would have been paid the sum sued for. The message was not delivered until the following day, too late for him to reach Bristol.

Plaintiff recovered before the magistrate $150, which on appeal to the circuit court was affirmed for $100, the court sitting without a jury. The court of appeals concurs, in effect, with the trial courts in finding the defendant company negligent and the plaintiff damaged to the extent of the judgment, but holds him entitled to recover nominal damages of $1 only. Petitioner, Green, challenges the application of this limitation, insisting that he is entitled to recover his actual loss or damage, naturally resulting from the violation by defendant company of the statutory public duty, which it owed to him as sendee, to deliver this message with reasonable promptness.

Reviewing the decisions in this State, the court of appeals finds that the right of a sendee to sue, either *ex contractu* or *ex delicto*, as the aggrieved party under Shannon's Code, sections 1837, 1838, and recover such damages as result proximately and naturally from delay in delivery, is sustained by the following Tennessee cases: *Marr* v. *Western Union*, 3 S. W., 496, 85 Tenn., 529; *Wadsworth* v. *Telegraph Co.*, 8 S. W., 574, 86 Tenn., 695, 6 Am. St. Rep., 864; *Pepper* v. *Telegraph Co.*, 11 S. W., 783, 87 Tenn., 554, 4 L. R. A., 660, 10 Am. St. Rep., 699; *Telegraph Co.* v. *Frith*, 58 S. W., 118, 105 Tenn., 167; *Gray* v. *Telegraph Co.*, 64 S. W., 1063, 108 Tenn., 39, 56 L. R. A., 301, 91 Am. St. Rep., 706; *Telegraph Co.* v. *Potts*, 113 S. W., 789, 120 Tenn., 37, 19 L. R. A. (N. S.), 479, 127 Am. St. Rep., 991.

The rule with reference to what damages are recoverable under these respective forms of action is quoted by the court of appeals from the opinion in *Wadsworth* v. *Telegraph Co.*, supra, as follows:

"In an action for tort, the injured party may recover such damages as result proximately and naturally from the wrongful act of the defendant, and also exemplary damages where the act was done with malice, or under circumstances of aggravation; and in an action for a breach of contract the measure of damages recoverable is generally the loss which the contracting parties, with all the facts before them, would have contemplated as flowing directly from its breach."

The court of appeals then quite aptly thus comments:

"This appears to make separate tests for the two different causes of action; i. e. if the suit is *ex delicto,* all damages may be recovered which result proximately and naturally from the delay or failure to deliver, but, if the suit is *ex contractu,* only such damages may be recovered as the contracting parties, with all the facts before them, must have contemplated would flow from the delay or failure to deliver.

"With reference to actions *ex contractu,* the supreme court in *Pepper* v. *Telegraph Co.,* supra, said:

" ' "It is only necessary that the damages be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is such as might naturally be expected to follow its violation," and it was only necessary for the company to know that the telegram related to a matter of business which, if improperly transmitted, might lead to pecuniary loss, upon the basis above suggested, to be increased or diminished according to the particular circumstances of the case, and to be determined upon the rule of compensation to the party injured.'

"Again, in *Marr* v. *Western Union,* an action *ex contractu,* the supreme court said:

" 'The damages assessed by the commission of referees is upon the correct basis. The loss resulting from change in market value was clearly the natural result of the telegraph operator's mistake. Being the natural result of the negligence of the defendant, the law adjudges that it was within the contemplation of the parties. This message was so written that the slightest reflection would enable the operator who undertook its transmission to see its commercial importance, and put him on his guard against error.'

"In *Telegraph Co.* v. *Potts,* supra, the supreme court held on action, which appears to have been *ex contractu,* that the undisclosed principal of the sender of a message could not recover damages for mental anguish sustained by her, because it could not have been within the contemplation of the contracting parties, i. e. the sender and the telegraph company, that such damages might flow from a breach of contract.

"So we think in the instant case that, if the action is treated as being *ex contractu,* there can be no recovery of the $100 for which the judgment was rendered in the court below, because there was nothing in the message itself (plaintiff does not claim that the defendant was given any other information than that contained in the message itself) which put the defendant on notice that plaintiff would suffer pecuniary damages from a breach of the contract to correctly and promptly deliver the message to him, and the damages for which the $100 judgment was rendered could not have been within the contemplation of the parties.

153 Tenn.—5.

"But the suit is not *ex contractu,* and, as has been stated, the plaintiff has sued as the 'aggrieved party' under Shannon's Code, section 1838, which is likened to an action *ex delicto* or in tort, and, as has also been said, we think the plaintiff has proved with clearness and certainty that, if the message had been delivered to him promptly on the evening of May 20, 1923, he could and would have gone to Bristol and performed the two operations, and would have been paid the $150, and his expenses.

"We quote again from *Wadsworth* v. *Telegraph Co.,* supra: 'In an action for tort, the injured party may recover such damages as result proximately and naturally from the wrongful act of the defendant.' This would indicate that, if the damages are the proximate and natural result of the negligent failure to promptly deliver the telegram, it does not matter whether or not they were within the contemplation of the contracting parties.''

Thus far the court of appeals has observed the distinction between the rule of recovery in actions *ex contractu* and those *ex delicto.* However, the court proceeds as follows:

"It is true that in the earlier cases the court spoke of an action under this section of Code as being one in tort or *ex delicto,* but in *Telegraph Co.* v. *Potts,* supra, the court was careful, in describing such an action, to speak of it as an action 'equivalent to one for negligence,' and said:

" 'The measure of damages, whether the suit be on the contract or in tort, is, in this class of cases, substantially the same, viz.: (1) If there has been a violation of the contract, or a breach of duty on the part of the company,

the aggrieved party is entitled to recover, in any event, nominal damages. (2) Such damages as may be fairly and reasonably considered as arising naturally, in the usual course of things, from the breach of the contract or the violation of public duty, or such damages as may be reasonably supposed to have been within the contemplation of both parties, at the time they made the contract, as the probable result of a breach of it. The company may learn the grounds on which it may base an estimate of, or anticipate, the damages that may result or naturally flow from a failure to promptly deliver the message, either from facts communicated to its agent *dehors* the message or from the fact of the message itself.'

"In view of this statement of the supreme court, we think we are bound to hold, even though this action is by the aggrieved party under Code, section 1838, that the damages for which judgment was rendered in this case are not recoverable because it could not have been within the contemplation of both parties that such damages would likely flow from a failure to promptly deliver the message."

The learned court of appeals thereupon concludes that plaintiff was entitled to nominal damages only, and, reversing the judgment of the circuit court, awards a recovery against the telegraph company of $1 and the costs of the lower court.

The question thus presented is one of notice; it being contended for the telegraph company and found by the court of appeals that the rule limiting recoverable damages to such as may be reasonably supposed to have been within the contemplation of both parties has application

to the sendee of a telegram. This precise question has not heretofore been passed upon in any reported case in this State.

It will be observed that *Telegraph Co.* v. *Potts,* supra, was not a suit by a sendee under the statute, but was rested upon breach of contract, the court holding that the undisclosed principal of the sender could not recover on the facts of that case. The right was not considered of a sendee to recover damages in an action grounded on a violation of our statute, which in express terms provides for damages; that is, an action *ex delicto,* defined by volume 1, Bouv. Law Dict. 1103 as follows: "Actions which arise in consequence of a crime, misdemeanor, or tort are said to arise *ex delicto.*"

It is evident that the learned court of appeals, although recognizing that our earlier cases had preserved the distinction, for which there is manifest reason and ample authority, between the rules of damages applicable in these two fundamentally different forms of action, felt controlled by the expression quoted above from the opinion in *Telegraph Co.* v. *Potts,* supra.

It is true that Mr. Justice NEIL said in that opinion, as quoted, that "the measure of damages, whether the suit be on the contract or in tort, is, in this class of cases, substantially the same," and then proceeded to state the rule as above quoted. However, he is here stating generally the rule of the measure of damages, without special application to the question of notice, which question was not involved in the case before him. In construing his language, it must be considered that he was dealing with a case of alleged liability; denied by the court on the ground that the undisclosed principal could not re-

cover for breach of the contract "damages affecting his person, which an ignorance of his existence put beyond the contemplation of the other contracting party," that being a suit to recover for mental anguish suffered by such an undisclosed principal. Expressions defining the rule of recovery in cases like the one now before us were unnecessary to a determination of that case.

And, upon analysis of these expressions above quoted, we are satisfied that Mr. Justice NEIL did not intend to discard the fundamental distinction above noted. He cites approvingly *Wadsworth* v. *Telegraph Co.*, supra, and our other earlier cases, which, as already shown, clearly recognized this distinction, and, while he includes suits in tort in his statement of the general rule that (1) nominal damages are recoverable in any event, and that (2) such damages are recoverable, "as may be fairly and reasonably considered as arising naturally, in the usual course of things, from the breach of the contract [*ex contractu*] or the violation of public duty [*ex delicto*]," the language which follows, to-wit, "or such damages as may be reasonably supposed to have been within the contemplation of both parties, at the time they made the contract, as the probable result of a breach of it," must be taken to have application particularly to actions *ex contractu*, of the class he at the time was dealing with. This must be so, because, quite obviously, in an action *ex delicto* there is no "contract;" the words "at the time they made the contract" can have no application; there could be no such thing as "a breach of it"; and no such thing could "have been within the contemplation of both parties."

Moreover, while not cited by Mr. Justice NEIL, tracing back to its origin the general statement of the rule of damages which he expresses, it will be seen that he has stated the rule as originally announced, and has used much of the language, in the leading English Case of *Hadley* v. *Baxendale,* 9 Exch., 341, which was a suit for *breach of contract* to deliver certain machinery, the headnote reading as follows:

"Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i. e. according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it."

Comparing this language with that used by Mr. Justice NEIL above quoted, it will be seen that the sentence used by him beginning "(2)" is practically identical with that in the headnote quoted, but for the interpolation by Mr. Justice NEIL of the words "or the violation of a public duty."

It is true that quite commonly, in textbooks and in decisions, the rule laid down in *Hadley* v. *Baxendale* has been applied to suits for damages against telegraph companies, with particular reference to the question of notice, or what may be termed the rule of "contemplation of the parties." It was in this leading case that this rule of limitation of recoverable damages which has been widely followed was first laid down. Am. & Eng. Ency. of Law, vol. 27, p. 1059; 37 Cyc. 1770. However, the rule

in *Hadley* v. *Baxendale* is discussed and applied under the head of damages for *"Breach of Contract,"* where it properly belongs, in 8 R. C. L. at page 455 *et seq.* Indeed, the learned annotator of Smith's Leading Cases (8th Ed.) vol. 2, pt. 1, in a note to *Vicars* v. *Wilcocks,* at page 564, calls attention to this distinction as characteristic of "a tort, *for the natural consequences of which a defendant is liable irrespective of notice."* The italics are ours. And, see pages 560, 564, and 577. Beginning at the bottom of page 571, he quotes approvingly from *Brown* v. *Railroad Co.,* 11 N. W., 356, 54 Wis. 342, 41 Am. Rep., 41, the following:

"As already shown, a tort-feasor is liable for all injuries resulting directly from the wrongful act, whether they could or could not have been foreseen by him in the particular case, as he is presumed to foresee the direct consequences; but, when a party breaks a contract, he is liable only for such damages as both parties may reasonably be supposed to have contemplated when the contract was made as likely to result from such a breach."

The proper distinction is thus directly and clearly drawn.

Significant references to the subject are found in Mr. Salmond's able work on the Law of Torts (6th Ed.). At page 143, discussing remoteness of damages, this learned author says:

"The rule as to remoteness applies to damages for breach of contract as well as to damages for tortious acts. But in case of contract the rule is modified by reference to the matters within the knowledge and contemplation of the parties at the time when the contract was made" —citing *Hadley* v. *Baxendale, supra.* "The authorities

therefore, as to remoteness of damage in cases of breach of contract are not necessarily applicable to cases of pure tort.''

And, says this author further: ''Breach of contract is a species of wrong which stands apart from all others, and is governed by a special body of law different in many important respects from that which determines other forms of civil liability. It is often the case, however, that the same wrong is both a breach of contract and a tort. . . . A person voluntarily binds himself by a contract to perform some duty which already lies upon him independently of any contract. The breach of such a contract is also a tort.'' P. 3.

This double right of action is also recognized by Judge Cooley in his work on Torts (page 104). Some of the apparent confusion in the authorities has no doubt grown out of the failure to bear this in mind. Claims against telegraph companies are generally of this latter class, in which liability rests both upon contract and tort, but certainly the measure of damages, or obligation with respect to notice, is not properly to be limited in these cases resting upon this double right of action by the restrictive rules applicable to contracts. In this connection we quote from the opinion of Mr. Justice Deemer in *Mentzer* v. *Teleg. Co.,* 62 N. W., 1, 93 Iowa, 752, reported in 28 L. R. A., 72, 57 Am. St. Rep., 294, and there referred to by the annotator as ''a notable and powerful reenforcement of the authorities in favor of allowing damages for mental anguish in telegraph cases,'' the following:

''The general rule of damages for breach of contract comes down to us from the opinion of *Hadley* v. *Baxen-*

*dale,* 9 Exch., 341, and is as follows: 'When two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fully and reasonably be considered either as arising naturally—i. e. according to the usual course of things—from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it.' In actions for tort the rule is much broader. The universal and cardinal principle in such cases is that the person injured shall receive compensation commensurate with his loss or injury, and no more. This includes damages, not only for such injurious consequences as proceed immediately from the cause which is the basis of the action, but consequential damages as well. These damages are not limited or affected, so far as they are compensatory, by what was in fact contemplated by the party in fault. He who is responsible for a negligent act must answer 'for all the injurious results which flow therefrom, by ordinary, natural sequence, without the interposition of any other negligent act or overpowering force.' Whether the injurious consequences may have been 'reasonably expected' to follow from the commission of the act is not at all determinative of the liability of the person who committed the act to respond to the person suffering therefrom. As said in *Stevens* v. *Dudley,* 56 Vt., 158 'it is the unexpected, rather than the expected, that happens in the great majority of cases of negligence.' Under all the authorities, it was the duty of the defendant to transmit and deliver messages intrusted to it without

unreasonable delay; and, in failing to do so, it becomes liable for all damages resulting therefrom.  Cooley, Torts, 646, 647; Gray, Communications by Telegraph, sections 81, 82, et seq.; Whart. Neg., section 767.''

If, then, the action in the case before us is a tort, it is only by a strained and confused construction that the ''in the contemplation of the parties'' doctrine can be applied to it.  No doubt, some confusion has grown out of the English cases, where recoveries against telegraph companies are rested altogether on breach of contract, and where, therefore, the ''in contemplation'' rule properly has full application.  In *Teleg. Co.* v. *Dubois*, 21 N. E. 4, 128 Ill., 248, 15 Am. St. Rep., 109, a suit by the sendee of a message, it was said that in England the doctrine that the receiver of a telegraphic dispatch cannot sue the telegraph company rests on the ground that the obligation of the company springs entirely from contract, and the contract for the transmission of the message is with the sender of it.  In that case the court sustained the suit of the sendee, in accordance with the American rule, for a tort, based upon violation of a public duty, although holding that no right of action *ex contractu* would lie.  Said the court:

''When the receiver of a dispatch suffers loss from the careless and negligent performance of its duty by such a company, he is entitled to recover damages for the tort. . . . The damages in such a case should be for an amount which will compensate the plaintiff for his actual loss.''

Two English cases holding that the only remedy is on the contract, denying therefore the right of a sendee to recover, and declining to adopt the American rule, are:

*Dixon* v. *Rauters Teleg. Co.*, 3 C. P. Div. 1; *Playbard* v. *United Kingdom Teleg. Co.*, L. R., 4 Q. B., 706.

However, if, in deference to the expression relied on by defendant telegraph company in *Telegraph Co.* v. *Potts,* supra, and to other holdings applying in general terms the "in contemplation of the parties" rule of notice to suits against telegraph companies (many of which cases will be found to be *ex contractu* only and properly calling for this rule) this rule should be here applied, the facts of the instant case might well be held to entitle plaintiff to recover his actual damages. It must be conceded (1) that the telegraph company violated an express statutory requirement, and, (2) that it violated a plain public duty, and of this it is clearly charged with notice. Again, notice that *promptness* was called for was carried to the company (1) by its employment, rather than the mails, (2) by the professional designation of the sendee, a call for a doctor being presumptively to meet a present need, (3) by the use of the word "immediately," which is superlatively imperative in point of time, and (4) by the direction to "call on phone," which suggests the use of the speediest and most direct known form of communication.

Thus the telegraph company was clearly on notice that its failure of duty would defeat and prevent that immediate communication between the parties which was evidently desired concerning an issue of importance so involving either physical or material welfare as to have called for the use of the speediest possible and most expensive means of communication. Was it not reasonable for the telegraph company to have foreseen that its failure of duty might result in more than merely nom-

inal damages? There is good authority for the proposition that:

"By reason of the peculiar nature of the telegraph company, and the duties it undertakes to the public, the very fact of a communication being sent by telegraph gives notice that expedition is the main object in view; so that it is not necessary to bring to its attention the circumstances which call for sending the message without delay, or even to couch the message in language which may be understood." *W. U. Teleg. Co.* v. *Northcutt,* 48 So., 553, 158 Ala., 539, 132 Am. St. Rep., 38.

This appears to be the rule in a number of jurisdictions, including Alabama, Georgia, Kentucky, and Virginia, and it is generally held that details need not be disclosed, but that, whenever the message is couched in such language as to indicate that it is of importance, this will be held to be sufficient to support a recovery for actual damages, even where application is given to the "in contemplation of the parties" rule.

Moreover, while recognizing the general rule to require notice to a telegraph company of the importance of the message, it is said in 26 R. C. L., 605, that a message addressed to a physician is sufficient to apprise the company of the necessity of prompt delivery. It is said that it cannot be supposed that such a message should specifically set out the matters necessitating his attendance. The case cited by R. C. L. is *W. U. Teleg. Co.* v. *Church,* 90 N. W., 878, 3 Neb. (Unof.), 22, 57 L. R. A., 905. See, also: *Fairley* v. *Teleg. Co.,* 18 So., 796, 73 Miss., 6; *W. U. Teleg. Co.* v. *McLaurin,* 13 So., 36, 70 Miss., 26; *W. U. Teleg. Co.* v. *Longwill,* 21 P., 339, 5 N. M., 308; 2 Joyce, Electric Law, section 980; *Texas & W.*

*Tel. & Tel. Co.* v. *Mackenzie,* 81 S. W., 581, 36 Tex. Civ. App., 178; *W. U. Teleg. Co.* v. *Adams,* 12 S. W., 857, 75 Tex., 531; 6 L. R. A., 844, 16 Am. St. Rep., 920; *W. U. Teleg. Co.* v. *Biggerstaff,* 97 N. E., 531, 177 Ind., 168.

In the case of *Western Union Telegraph Co.* v. *Adams,* supra, the distinction is drawn between messages couched in terms intended to conceal their meaning, such as cipher dispatches, and such as have no such purpose, but are intended to convey information by the use of no more words than are necessary when given their accustomed meaning. Said the court:

"It would be an unreasonable rule, and one not comporting with the uses of the telegraph, to hold that the dispatcher will be released from diligence unless the relations of the parties concerned, as well as the nature of the dispatch, are disclosed."

It is held that general notice of the importance of the message is all that is required. See Suth. on Dam. 310; 2 Redf. on Ry. (4th Ed.), section 22; Scott & Jarnigan's Law of Tel., section 406, 8.

But whatever may be the rule as to notice in other jurisdictions, where no statute is in force, and where liability grows either out of contract, or violation of a common-law public duty, we are of opinion that the right of recovery in the instant case is controlled by the Tennessee statute. There can be no doubt, as found by the court of appeals, that in this State the sendee of a message, if "aggrieved," may recover under Shannon's Code, sections 1837 and 1838, providing that messages shall be transmitted "without unnecessary delay," and that a telegraph company violating this statutory requirement "is liable in damages to the party aggrieved."

*Wadsworth* v. *Teleg. Co.,* 8 S. W., 574, 86 Tenn., 695, 6 Am. St. Rep., 864. In *Gray* v. *Telegraph Co.,* supra, the distinction between the two rights of action, *ex contractu* and on the statute, is emphasized, in that, finding that plaintiff could not recover *ex contractu,* a declaration on the facts, although reciting a contract, was construed as sufficiently stating a cause of action under the statute. The court said:

"It will be observed that the Tennessee statute provides no penalty for its infraction, but the violation thereof is declared a misdemeanor, and a right of action is expressly given the aggrieved party for *all damages* sustained."

If the words italicized by us are to be given their fair meaning, this holding of our court is determinative of the instant case in favor of the plaintiff. A reasonable construction of the statute would seem to demand at least that the aggrieved party is entitled to recover the direct and actual damages suffered by him as the result of this violation of the law. We are unable to concur with the holding of the court of appeals, in view of our statute, that, however negligent the telegraph company may have been, or however definite its breach of this statutory duty, and however proximate, natural, and direct may have been the resultant damages, the aggrieved party may not recover therefor unless, either on the face of, or *dehors* the message, notice was carried to the company that the damages suffered by the sendee would or might accrue.

At page 605 in Salmond on Torts, already quoted from, it is said:

"The breach of a duty created by a statute, if it results in damages to an individual, is *prima facie* a tort,

for which an action for damages will lie at his suit . . . in respect of any loss occasioned by a violation of it.''

Applicable to the instant case all doubt of legislative intent, in this regard, is eliminated by the express provision for damages contained in the statute.

So, in 26 R. C. L., p. 604, after discussing the general rule with respect to the necessity of knowledge or notice to the telegraph company of the importance of the message as affecting the measure of damages, it is said:

Where ''as is the case in some states, a statute makes telegraph companies 'liable for all damages occasioned' by failure or negligence in performing their duty to transmit and deliver messages correctly, it has been held that this removes, as a condition of liability, all necessity that the company should have had in contemplation, or had any notice or suggestion of probability of, such damages as are in fact occasioned.''

In the case of *Barker* v. *W. U. Teleg. Co.*, 114 N. W., 439, 134 Wis., 147, 14 L. R. A. (N. S.), 533, 126 Am. St. Rep., 1017, the court said:

''One question which has pervaded and confused a considerable majority of the decided cases has been eliminated by our statute (Stat. 1898, section 1778) making them [telegraph companies] 'liable for all damages occasioned' by failure or negligence in performance of that duty. That statute, last carefully construed in *Fisher* v. *Western U. Teleg. Co.*, 96 N. W., 545, 119 Wis., 146, has removed as a condition of liability all necessity that the telegraph company should have had in contemplation, or had any notice or suggestion of probability of, such damages as are in fact occasioned. 'It is only necessary as to any particular result that it shall have been

a natural consequence of the injury, having regard to the usual course of nature and of cause and effect in a line of unbroken physical causation.' *Fisher* v. *Western U. Teleg. Co.,* 93 [96] N. W., 545, 119 Wis., 153. We are therefore absolved from consideration of whether there was anything upon the face of this telegram to suggest that loss of the character claimed would be suffered by reason of nondelivery. Indeed, counsel frankly concede this.''

The court then proceeds to discuss other phases of liability to a physician for loss of a fee because of failure to deliver to telegram. In *Tel. Co.* v. *Biggerstaff,* 97 N. E., 531, 177 Ind., 168, not only is the nonapplicability of the ''in contemplation of the parties'' rule to torts made clear, but the liability under a statute is held to arise without notice, as above stated. Many authorities are cited for both propositions.

In concluding the note under the case of *Barker* v. *Telegraph Co., supra,* on page 535 of 14 L. R. A. (N. S.), the annotator, after commenting upon other cases, quite properly says:

''In connection with the last two cases, it might be well to call attention to the fact that there is necessarily a broad distinction between cases such as *Barker* v. *Western U. Teleg. Co.* where there is a statute providing that a telegraph company is liable for all damages which may ensue from its negligent failure promptly to transmit and deliver a telegram, and those cases where there is no such statute. Many cases of the latter kind turn upon the question whether the damages suffered by the plaintiff through the telegraph company's negligence could reasonably have been within the contemplation of the

parties at the time the message was sent; whereas that question would not be involved in a case turning upon such a statute."

Before concluding the discussion under this head, it may be well to call attention to expressions contained in the opinion of Mr. Justice CALDWELL in *Wadsworth* v. *Teleg. Co.*, supra, which are applicable here. On page 707 (8 S. W., 578) he says: "It is to be observed that we have a statute which expressly confers the right of action." After quoting the pertinent language of the statute he remarks that "the language of each section is general, broad, and comprehensive," and emphasizes the duty of the company imposed by this statute to transmit and deliver all messages alike. On page 706 (8 S. W., 577) he remarks that:

"The telegraph company is the servant rather than the master of its patrons. It is their prerogative to determine what messages they will present, and so they are lawful it is bound by law, upon payment of its toll, to transmit and deliver them correctly and promptly. It has no right to say what is important and what is not, what will be profitable to the receiver and what will not, what has a pecuniary value and what has not; but its single and plain duty is to make the transmission and delivery with promptitude and accuracy. When that is done, its responsibility is ended; when it is omitted through negligence, the company must answer for all injury resulting, whether to the feelings or to the purse —one or both—subject alone to the proviso that the injury be the natural and direct consequence of the negligent act."

153 Tenn.—6.

And, also, in the concurring opinion of Chief Justice
TURNEY, it is said:

"It is presumed that, if a party propose to send a tele-
gram, it is of consequence to him, or to the person to
whom it is sent, in an amount greater than the money
charged for the transmission. With the extent of the
interest or concern of the sender, or of. the person to
whom sent, the agent or company has nothing to do.
When called upon to dispatch a message, or deliver it,
he has but one office to perform, which is to put his ma-
chine to work and see that the message goes 'correctly
and without unreasonable delay;' and, if one be sent to
his office, that it be delivered 'correctly and without un-
reasonable delay.' He will not be permitted to specu-
late upon the value or importance of the message. So
far as he is concerned, that is a matter exclusively for
the judgment of the sender or receiver. If he fail or re-
fuse to send or deliver, the question of damages is one
for the courts. So that, put the case as we may, we
can evolve from the the law but the one duty for the
company through its agent, viz.: Send and deliver the
message."

And, Chief Justice TURNEY concludes in the following
language, particularly pertinent to the instant case:

"When the law makes an act of omission or commis-
sion a criminal offense, and in the same connection (as
here) gives a right of suit for such omission or commis-
sion, it follows, of course that damages may be recovered
in a civil proceeding."

The fundamental and cardinal principle of the law of
damages is that the injured party shall be compensated
for the injury sustained. When it is provided by statute

W. U. Tel. Co. v. Green.

that he shall have damages, this rule applies, and he may recover such amount at least as will cover his actual loss.

Summarizing, it will be seen, (1) that the limiting in contemplation of the parties rule is distinctively applicable to breaches of contract, while this is an action for tort; (2) that, applying this rule of notice to the facts herein, there is evidence to support the finding of the trial judge, sitting as a jury, to the effect, in substance, that sufficient notice was conveyed to the company; and (3) that, in view of the Tennessee statute, the aggrieved party may recover actual damages without proof of notice to the telegraph company of the nature and extent of the loss which its failure to perform its statutory obligation may entail.

It is insisted, in a petition for *certiorari* filed on behalf of the telegraph company, that the court of appeals erred, in holding that there was evidence in the record to sustain the judgment of the trial court that the plaintiff had suffered damages for which recovery might lawfully be had; that the damages claimed were too remote and speculative to support a recovery.

Without further reviewing the facts or the law, we are content to say that we are satisfied with the conclusion reached by the court of appeals and the trial court on this question. Reference is made to the opinion of the court of appeals for a fuller discussion thereof.

In conformity with the views hereinbefore expressed, the judgment of the court of appeals is reversed, and judgment will be entered here affirming the judgment of the trial court, with costs.

For Opinion on Petition to Rehear, see p. 522.