# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 3, 2002 Session

## JAMES R. PEMERTON and DEBORAH W. PEMERTON
### v.
## BEAUTY WALL PAINTING

**An Appeal from the Circuit Court for Davidson County**
**No. 99C-2258    Carol Soloman, Judge**

---

**No. M2001-01638-COA-R3-CV - Filed December 11, 2002**

---

This is a breach of warranty case. The plaintiff homeowners contracted with the defendant painter to have their home painted. The contract included a one-year warranty on labor and materials. After the work was completed, the paint began to peel, blister, and separate from the wood siding. The homeowners sued the painter under the warranty. The trial court found that the homeowners complained of the problems within the one-year warranty period. The trial court awarded the homeowners damages for the amount paid to the painter, substantial damages for repairs, and discretionary costs. On appeal, the painter argued that the trial judge failed to properly understand the testimony of the parties regarding the painter's actions after being informed of the paint problems, and therefore, improperly discredited the painter's testimony with regard to the issue of the date the homeowners told the painter about the defective work. We affirm, finding that the defendant painter failed to show any basis for reversing the credibility determination of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Thomas A. Storey, Nashville, Tennessee, for the appellant, Beauty Wall Painting.

Larry D. Cantrell and Jimmy A. Duncan, Nashville, Tennessee, for the appellees, James R. Pemerton and Deborah W. Pemerton.

## OPINION

In October 1995, the Plaintiff/Appellees James R. Pemerton and Deborah W. Pemerton (collectively, "the Pemertons") entered into a contract with the Defendant/Appellant Beauty Wall Painting ("Beauty Wall"), to paint their home in Davidson County, Tennessee. Beauty Wall

warranted to the Pemertons the labor and materials supplied on this job for a period of one year. The paint job was completed by the end of October 1995.

In the spring of 1996, the paint started peeling, blistering, and separating off the painted surfaces of the home. Thus, the paint defects occurred within the one-year warranty time period. The Pemertons assert that Beauty Wall was notified of the problems at that time. Beauty Wall, however, alleged that it was not notified of any problems with the paint until January or February 1997, which was outside the one-year warranty period. Beauty Wall refused to compensate the Pemertons or repair the defective areas on the house.

On August 12, 1999, the Pemertons filed this lawsuit against Beauty Wall. In the complaint, the Pemertons alleged breach of warranty of labor and materials, breach of warranty of the paint for a specific purpose, and breach of warranty of merchantability. The Pemertons asserted that the damage to the home occurred within the term of the one-year express warranty included in the contract. They sought reimbursement for the loss of the paint coating on their home, replacement cost for the entire wood structure on the house, clean-up costs, and additional general relief. In its responsive pleading, Beauty Wall asserted that it exercised ordinary care at all times, that it consulted a Devoe Paint expert to determine the correct paint and application method to be used on the home, and that the peeling paint was caused by water behind the wood siding. Beauty Wall denied using defective paint, and claimed that the Pemertons' complaint was made outside the one-year warranty period.

On March 23, 2001, Beauty Wall moved for summary judgment. On April 16, 2001, the trial court granted Beauty Wall partial summary judgment with regard to the breach of warranty of paint for a specific purpose and breach of warranty of merchantability, as the Pemertons did not oppose the motion on those issues. Following the granting of partial summary judgment, the allegation of breach of warranty of labor and materials remained to be adjudicated.

On May 15, 2001, a bench trial was held on the parties' remaining arguments. At the trial, the Pemertons testified that, in the spring of 1996, they informed Tom P. Vest, Jr. ("Vest"), the owner of Beauty Wall, of the defective paint job. Mrs. Pemerton indicated that after Vest was notified of the problem with the paint job he came to the Pemertons' home to see the problem. In contrast, Vest testified that he was not made aware of the deficient work until January or February 1997. Vest indicated that he visited the Pemerton home after the Pemertons informed him of the defects, and afterwards took Mr. Pemerton to the paint company to file a complaint. The Pemertons also proffered the testimony of a paint expert, Randy Gregory, regarding the repair costs of the defective paint. Gregory estimated that it would cost $72,525 to remove the paint from the Pemertons' home. The Pemertons proffered testimony at trial from another expert witness, Dr. Jan Gooch, regarding the cause of the painting defects. Gooch opined that the damage was caused by improper surface preparation. Specifically, the wood retained water after it was pressure washed, and rising temperatures created vapor pressure that forced the paint to separate from the surface.

At the conclusion of the trial, the trial court issued an oral ruling. In her oral remarks, the trial judge indicated that she was puzzled as to why Vest, upon learning of the Pemertons' complaint, would take Mr. Pemerton directly to the paint company, instead of first visiting the Pemertons' home to inspect the damage. The trial court found in favor of the Pemertons, and awarded them compensatory damages of $5,465, the contract price for the work performed by Beauty Wall, plus $72,525 in collateral damages as a result of the breach of contract, for a total damage award of $77,990. The Pemertons later sought $6,004.93 in discretionary costs, of which they were awarded $4,350.05. From this judgment, Beauty Wall appeals.

On appeal, Beauty Wall argues that, although the Pemertons and Vest testified that Vest's first act after learning of the defective paint job was to visit the Pemerton home to examine the problem, the trial court misunderstood the testimony of Vest and the Pemertons, apparently understanding that West first took Mr. Pemerton to the paint company to lodge a complaint. Beauty Wall asserts that the trial court's misinterpretation of this testimony tainted its view of the remainder of Vest's testimony, especially Vest's testimony regarding the time frame in which the Pemertons first complained about the painting defects. Hence, Beauty Wall claims, if the trial court had properly understood the testimony of the Pemertons and Vest regarding Vest's actions after he was told of the defective work, the trial court would have credited Vest's unrelated testimony that the Pemertons' complaint was made after expiration of the warranty period. Had Vest's testimony been credited on this issue, Beauty Wall would not have been held liable.

We review the trial court's factual findings *de novo* accompanied by a presumption of correctness unless the preponderance of the evidence is otherwise. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); Tenn. R. App. P. 13(d). Because the trial judge is in the best position to weigh the credibility of the witnesses we give "great weight to a trial court's factual findings that rest on determinations of credibility." ***Rawlings v. The John Hancock Mut. Life Ins. Co.***, 45 S.W.3d 291, 296 (Tenn. Ct. App. 2001) (citations omitted). Therefore, the determinations of the trial court on issues of credibility are "binding on the appellate court unless from other real evidence the appellate court is compelled to conclude to the contrary." ***Reed v. Alamo Rent-A-Car, Inc.***, 4 S.W.3d 677, 683 (Tenn. Ct. App. 1999) (quoting ***Hudson v. Capps***, 651 S.W.2d 243, 246 (Tenn. Ct. App. 1983)). The trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. ***Campbell***, 919 S.W.2d at 35.

Given the deference we are required on appeal to accord to the trial court's determinations of credibility, we cannot agree that any misunderstanding of the trial judge on a peripheral issue, such as whether Vest visited the Pemerton home first, vitiates the trial court's crediting of the Pemertons' assertion that their complaint was made within the warranty period. The trial judge heard the presentation of the parties' proof in its entirety, and used her judgment to make credibility determinations, which must stand on appeal unless real evidence compels us to conclude otherwise. Considering the evidence as a whole, we decline to reverse the trial court's factual finding on this issue.

Although the damage award far exceeds the original price of the contract, Beauty Wall's contract with the Pemertons included no limitation on damages. In addition, Beauty Wall presented no testimony to controvert the Pemertons' evidence regarding the cost to repair the home. Under Tennessee law, such consequential damages are permitted. *See Smith v. Am. Gen. Corp.*, No. 87-79-II, 1987 Tenn. App. LEXIS 2851, at *18 (Tenn. Ct. App. Aug. 5, 1987); *W. Union Tel. Co. v. Green*, 281 S.W. 778, 782 (Tenn. 1925). Under all of these circumstances, we must affirm the trial court's award of damages.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Beauty Wall Painting, and its surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE